## JOHN T. SELLMAN v. A. B. HARDIN, SR.

(Case No. 1260.)

1. TRESPASS TO TRY TITLE.— Where the evidence showed that both parties claimed title from a common source, the fact that the appellee filed an abstract of his title reaching back to the sovereignty of the soil, but failed to establish that title by proof, did not alter the rule entitling him ·to recover, if he showed the older title under the common source.

2. CLAIM OF TITLE UNDER COMMON SOURCE — HOW ESTABLISHED.— A deed made by the officer to a purchaser ·at an execution sale is competent evidence to show that the adverse party claims under a common source, without introducing the judgment and execution.

3. ADVERSE POSSESSION.— See this case for evidence insufficient to establish adverse possession.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

Action of trespass to try title by Hardin, who filed an abstract of his title, under the heirs of Benoni Middleton, to whom the land was patented. On the trial plaintiff failed to prove a complete chain of title, but did establish title under W. B. Middleton, who conveyed the land September 2, 1867. For the purpose of showing that the defendant claimed title from W. B. Middleton as a common source, plaintiff introduced a deed from S. C. Anderson, constable of precinct No. 1, Navarro county, to J. R. Loughridge, dated March 2, 1869, recorded July 26, 1869, conveying all the interest of W. B. Middleton in and to the twelve hundred and eighty acres in controversy; also a deed from Loughridge to Sellman, dated January 15, 1872. The patent to the heirs of Benoni Middleton was in evidence. The evidence of defendant was that he claimed the land under the deed from Loughridge, had for some five or six years paid taxes on it, used fire wood from it, and kept people from trespassing on it; had built hog pens on it, and used it as a ranche for his cattle and horses, but had made no inclosure except the hog pens, nor had he ever lived on the land nor occupied it by a tenant.

The case was submitted to the court, and a judgment rendered for plaintiff.

*Read & Beal*, for appellant.

. . . I. One who deraigns title from a judgment debtor through a sheriff's or constable's deed, must, in addition to the deed, also show a valid judgment and execution to make proof of said title. Coffee *v.* Silvan, 15 Tex., 362; Cresswell *v.* Ragsdale, 18 Tex., 444.

II. When the plaintiff, in trespass to try title, pleads his title specially, he must prove it as pleaded. R. S., arts. 4797–8, p. 704; Hill v. Allison, 51 Tex., 390; Pilcher v. Kirk, Supreme Court, May 6, 1881; Jones v. Menard, 1 Tex., 777; Hughes v. Lane, 6 Tex., 296.

III. The adverse possession contemplated by the statute of limitation does not necessarily require a residence on nor an actual inclosure of the premises by the adverse claimant. An actual inclosure is not essential to constitute an actual adverse possession. Whitehead v. Foley, 28 Tex., 291. Use of land for timber purposes, without actual residence on any part of it, or cultivation of it, may constitute such adverse possession. Stegall v. Huff, 54 Tex., 197, and cases cited. See, also, McDow v. Rabb, Supreme Court, February 14, 1882; Law Journal, vol. 5, No. 27, p. 417.

IV. A valid, subsisting, superior, outstanding title, in some one not connected with plaintiff, if shown by defendant, will defeat plaintiff's recovery in an action for land, when only the legal title is involved, unless defendant pleads his title specially. Lenan v. Walker, Supreme Court, April 25, 1881; Texas Law Journal, vol. 4, No. 46, p. 723; Keys v. Mason, 44 Tex., 140; Wells v. Dyer, 45 Tex., 433; Burleson v. Burleson, 28 Tex., 412; Styles v. Gray, 10 Tex., 504; Hooper v. Hall, 35 Tex., 82; Greenleaf v. Birth, 5 Pet., 302; Marsh v. Brooks, 8 How., 223; Foster v. Joice, 3 Wash., 498; 2 Wash., 475; 5 Wheat., 582; 6 Wheat., 580; 7 Wheat., 106; Love v. Sims, 9 Wheat., 515; Abbott's Trial Evidence, sec. 36, p. 714; Tyler on Ejectment, pp. 541, 564; Adams on Ejectment, p. 31; Jackson v. Morse, 16 Johns., 200; 4 Johns., 202; 3 Johns., 375; 6 Johns., 257; 9 Cow., 562; 4 Dana, 562; 1 Marsh., 251; Miller v. McBrier, 14 S. & R., 382; 2 S. & R., 64; 3 S. & R., 283; 1 S. & R., 65; 6 Ired., 159; 3 Stew., 60; 1 Yerg., 83.

V. When the plaintiff and defendant claim from a common source, and plaintiff has shown the superior title from such common source, it is competent for defendant to overthrow plaintiff's *prima facie* title by proving an outstanding title in another superior to that of the "common source." The title in the heirs of Benoni Middleton was superior to that of W. B. Middleton, the alleged "common source." Keys v. Mason, 44 Tex., 140.

*Croft & Blanding*, for appellee.

STAYTON, ASSOCIATE JUSTICE. — The evidence showed that the parties claimed title from a common source, and that of the appellee, being the older, entitled him to recover. R. S., 4802. The fact that

the appellee filed an abstract of title under which he claimed, that reached back to the sovereignty of the soil, which he did not establish by proof, did not alter the rule.

The rule that a party asserting title under an execution sale must show the execution and judgment under which the sale was made, as well as his deed, applies only when the party is seeking to assert title through his deed, and does not apply when such deed is offered in evidence by the party claiming adversely thereto, for the sole purpose of showing that both parties claim from a common source.

The court did not err in holding that the evidence offered by the appellant was not sufficient to show such adverse possession as would sustain his plea of limitation, and the judgment must be and is affirmed. Harnage v. Berry, 43 Tex., 568.

Affirmed

[Opinion delivered November 21, 1882.]