## J. W. STEVENS V. CATARINO PEDREGON ET AL.

### No. 2347. Decided February 10, 1915.

**1.—Limitation—Adverse Possession—Claim of Right.**

Adverse possession which will bar the rights of the owner of land must be under a claim of right (Rev. Stats., 1911, art. 5681). One who entered on, occupied, and cultivated land of another for more than ten years without such claim, but with the avowed purpose of acquiring title by limitation, had no such possession as the law requires. (Pp. 578, 579.)

**2.—Same—Interrupted Possession.**

One who cultivated land upon a survey adjoining his own. without enclosure or residence thereon, so occupying one portion in one year, others in other years, and in some year cultivating none of it for want of water, had no such continuous possession as would indicate a claim of right to the whole, or support limitation by ten years continuation of such trespass. (P. 579.)

Error to the Court of Civil Appeals, Eighth District, in an appeal from El Paso County.

Stevens sued Pedregon and others for recovery of land, and appealed from a judgment for defendants. On its affirmance he obtained writ of error.

*Jones & Jones,* for plaintiff in error.—There was a total failure of proof of an exclusive continuous possession of the tract of land for a period of ten years. Dunn v. Taylor, 102 Texas, 80; Davis v. Adams, 129 S. W., 150; White v. McNabb, 131 S. W., 1022; Bender v. Brooks, 127 S. W., 168; Railway Co. v. Cuneo, 47 Texas Civ. App., 622; Craver v. Ragon, 110 S. W., 490; Downs v. Powell, 116 S. W., 873; Jones v. Weaver, 122 S. W., 619.

The mere cultivation or planting of portions of this unenclosed and unfenced tract of land without an actual occupancy of the same by the defendant sufficient to impart notice to the plaintiff was not and is not sufficient to constitute actual, continuous and exclusive possession under the statute of limitations. Davis v. Adams, 129 S. W., 150; Niday v. Cochran, 42 Texas Civ. App., 292; Downs v. Powell, 116 S. W., 874; White v. McNabb, 131 S. W., 1022.

*Tom Lee* and *W. B. Ware,* for defendants in error.—The facts of this case are ample to sustain the finding of the trial court in favor of the appellees, and in support of this contention we cite the following authorities which are fact cases: Richardson v. Smith, 67 Texas, 610; Dunn v. Taylor, 102 Texas, 80; McCarty v. Johnson, 20 Texas Civ. App., 184; Craig v. Cartwright, 65 Texas, 414; Tarlton v. Kirkpatrick, 1 Texas Civ. App., 113; Nativel v. Raymond, 59 S. W., 311; Simpson v. Johnson, 92 Texas, 159; McCarty v. Johnson, 49 S. W., 1098, 20 Texas Civ. App., 184; Smith v. Jones, 132 S. W., 469; Chaison v. McFaddin, 132 S. W., 524.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

We adopt the findings of fact as we find them in the opinion of the Court of Civil Appeals, as follows:

"This is an action of trespass to try title, brought by appellant against appellees, to recover a seventeen-acre tract of land six miles east of the City of El Paso, in the Rio Grande Valley, and known as survey 15, the suit being filed August 24, 1910. The cause was tried without aid of a jury, resulting in judgment for defendants, based upon plea of ten years statute of limitation."

The findings of fact and conclusions of law of the trial court are as follows:

"I. The plaintiff, J. W. Stevens, is the record owner of said land, having bought the same from James A. Tays, administrator of the estate of Joseph W. Tays, on the 4th day of April, 1888, and paid therefor the sum of one hundred and seventy ($170) dollars.

"II. I find that the defendant Catarino Pedregon on the 26th day of September, 1899, bought survey 214 from Mrs. Sarah J. Melindes, and that he immediately took possession of said survey 214, towit, on the 26th day of September, 1899, and has been living with his family on said survey 214 ever since, and that said survey 214 immediately joins survey 215 on the west.

"III. I find that the defendant Catarino Pedregon was advised by said Mrs. Sarah Melindes that survey 215 was not hers and that if he would take possession of it and plant it and use it, that he could become the owner of it by limitation, and that immediately after he took possession of survey 214 he commenced to use, occupy and cultivate said survey 215, and to claim the land as his own, this being about the 1st of October, 1899. I find that he planted sugar cane, vegetables, beans, watermelons and other crops on a part of survey 215, the land in controversy, each year from 1899 to the present time, and to plant more or less of it each year as he had water to irrigate it, and that about the time he moved onto 214 he planted a vineyard which extended on to 215 and covered about two acres of said survey 215, and that the same has been on said survey 215 and cultivated by Pedregon ever since that time.

"IV. The defendant Catarino Pedregon . . . occupied said house by his tenants for about seven years and then tore the house down and built another house a little further back on the property, which has remained on the land ever since. That none of the land was fenced until about two years before the filing of plaintiff's suit. That about that time defendant Pedregon fenced the land.

"The county road, running from El Paso, Texas, down the Rio Grande Valley, runs through the northern part of the land in controversy, and is the main highway of travel from El Paso to the east, and is used by the public generally traveling up and down the Rio Grande Valley east of El Paso, that all parts of this land could be seen from this road, and that the said land in controversy is about six miles east

of the City of El Paso, and that the country is densely populated, and that all the surrounding land is cultivated by farmers raising alfalfa, fruit, vegetables and other crops, and that it was not customary to fence lands in the valley until about three years before plaintiff's suit.

"VI. The Galveston, Harrisburg & San Antonio Railroad track runs immediately north of the land in controversy and about 100 feet from the line.

"VII. I find that about two years before the filing of the plaintiff's suit in this cause, the defendant Catarino Pedregon sold to the defendants F. G. Alderete and Ike Alderete that portion of the survey in controversy lying between the county road and the railroad track, and that said defendants F. G. Alderete and Ike Alderete have been in possession of the same by their tenants, planting the same every year since they have had it with vegetables and other farm products as are raised in that valley, and that their possession of said part so bought by them dates from the time of their purchase from their co-defendant Pedregon.

"VIII. The possession, use, cultivation and occupancy of said land by the said defendants in the manner above set out was undisputed, peaceable and adverse from the fall of 1899 until the filing of the plaintiff's suit on the....day of........, 1910, except that about two years before the filing of plaintiff's suit plaintiff's son .demanded the land as his father's property but defendant Pedregon refused to give it up, claiming it as his own."

"Adverse possession" is defined by the following article of Vernon's Sayles' Statutes:

"Adverse possession is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Art. 5681.

We are of opinion that the evidence does not prove the acts of ownership necessary to make the possession which is claimed by the defendant sufficient to bar the plaintiff's right. In the first place, he made no claim of right to the land. The statutes specifically required that he should enter under a claim of right, but he entered with the avowed purpose of acquiring the title by possession, and not for the purpose of enjoying the property which he claimed to belong to him. He had no such possession as the law required. Such possession as defendant shows by his evidence is not within the terms of the statutes, and therefore is not sufficient to bar the plaintiff's rights. Sellman v. Hardin, 58 Texas, 86; Murphy v. Welder, 58 Texas, 235.

In Sellman v. Hardin, supra, the statement shows that limitation was claimed on this state of facts: "The evidence of defendant was that he claimed the land under the deed from Loughridge, had for some five or six years paid taxes on it, used fire wood from it, and kept people from trespassing on it; had built hog pens on it, and used it as a ranche for his cattle and horses, but had made no enclosure except the hog pens, nor had he ever lived on the land nor occupied it by a tenant."

The Supreme Court disposed of the question in this language: "The

court did not err in holding that the evidence offered by the appellant was not sufficient to show such adverse possession as would sustain his plea of limitation, and the judgment must be and is affirmed. Harnage v. Berry, 43 Texas, 568."

At no time from the first entry upon the land to the institution of this suit does defendant in error claim to have actually resided upon the land, nor to have had the land or any part of it enclosed; nor does he claim that at any time he had a tenant upon it for a length of time sufficient to constitute limitation under any provision of the law or any decision of this court.

Such possession as he claims to have had consisted of cultivating a small portion of the land, one year at one place and the next year at another. Some years there was no cultivation of any part of the land for the want of water. There was nothing in his acts that would indicate a claim of ownership of the land. All that defendant in error did in the use of the land might well have been regarded as harmlesss trespass. Schleicher v. Gatlin, 85 Texas, 270, 20 S. W., 120.

We therefore conclude that this possession was not continuous nor adverse as required by law in order to bar the right of the owner. Therefore the Court of Civil Appeals erred in holding that the evidence was sufficient to sustain the plea of the statute of limitation of ten years.

The judgment of the District Court and the Court of Civil Appeals is reversed, and the cause is remanded to the District Court.

*Reversed and remanded.*