### RICHARDSON et ux. v. BALL.

(Circuit Court of Appeals, Fifth Circuit. December 6, 1917.)

No. 3013.

COURTS ⊕⟶366(13)—FEDERAL COURTS—FOLLOWING STATE DECISION.

Where, in an action in the federal court to recover Texas land, claimed adversely under the ten-year statute, the court, in accordance with the then latest decision of the Texas Supreme Court, instructed that the claim of right made an essential to adverse possession, required more than mere entry with intention to acquire adverse title; and the Texas Supreme Court, after submission of the case, reannounced the original rule to contrary that a naked trespasser might by ten years' adverse possession acquire title, the instruction was erroneous.

In Error to the District Court of the United States, for the Eastern District of Texas; Gordon Russell, Judge.

Action by P. D. C. Ball against Hiram Richardson and wife. There was a judgment for plaintiff, and defendants bring error. Reversed.

W. S. Simkins, of Austin, Tex., and Ormond Simkins, of Corsicana, Tex., for plaintiffs in error.

Joe A. Worsham, of Dallas, Tex., and N. B. Morris, of Palestine, Tex. (Brooks & Worsham, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

BATTS, Circuit Judge. Suit was instituted by defendant in error against plaintiffs in error to recover a tract of land in Freestone county, Tex. Defendants filed an admission "that plaintiff has established his record title to the land in controversy, unless the same is defeated by the defendants' plea of limitation of ten years." The case having been submitted, the jury, after some deliberation, requested further instructions, and specifically asked for a definition of "claim of right," as the term was used in the Texas ten-year statute of limitation. In response to this the court read to the jury the opinion of the Supreme Court of Texas in the case of Stevens v. Pedregon, 106 Tex. 576, 173 S. W. 211. In the opinion was the following:

"In the first place, he made no claim of right to the land. The statute specifically required that he should enter under a claim of right, but he entered with the avowed purpose of acquiring title by possession, and not for the purpose of enjoying the property which he claimed to belong to him."

After reading the opinion, the trial judge further charged the jury:

"You ask me to define claim of right. I don't know how better to define it than it is defined in the excerpt from the opinion I have read you. It says that the possession must be commenced and continued under a claim of right, and where a man entered upon the land simply for the avowed purpose of acquiring the title by possession, and not for the purpose of enjoying the property, he would not have the possession that the law requires."

This action and instruction of the trial court were assigned as error. After the submission of this case, and while there was under consideration whether this court should follow the latest expression from the Supreme Court of Texas, or the established jurisprudence as it had existed for many years prior to that decision, that court, in the case of Houston Oil Co. of Texas v. H. C. Jones et al., 198 S. W. 290, reannounced the original rule, as indicated by the following excerpts from the opinion:

"The court has a number of times declared that a naked trespasser may acquire a limitation title to land under the ten-year statute. Smith v. Jones, 103 Tex. 632 [132 S. W. 469, 31 L. R. A. (N. S.) 153], Craig v. Cartwright, 65 Tex. 413, and Word v. Drouthett [44 Tex. 365], are among the decisions so holding.

"It was not the purpose of Stevens v. Pedregon to overrule this established holding of the court, though there is an expression in Chief Justice Brown's opinion that is, to some extent, confusing.

"The 'claim of right' to which the statute refers simply means that the entry of the limitation claimant must be with the intent to claim the land as his own—to hold it for himself; and such must continue to be the nature of his possession. That it is necessary that his entry upon or holding of the land be founded upon his having some character of title is opposed to the theory of the ten-year limitation statute."

While the trial court was warranted in the action taken, it is manifest that the judgment should be reversed, and that the cause should be retried under the construction of the ten-year statute of limitation of Texas given in Houston Oil Co. v. Jones et al., supra.

It is accordingly so reversed.