## FOWLER et al. v. WOODS et al.
### (No. 291.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 21, 1917. Rehearing Denied Jan. 23, 1918.)

1. ADVERSE POSSESSION &58;68—REQUISITES—CLAIM OF TITLE.
    Claim of right is unnecessary to constitute adverse possession under ten-year statute.

2. INFANTS &58;24—ADVERSE POSSESSION—EFFECT OF MINORITY.
    Adverse possession under the ten-year statute is unaffected by the minority during part of such period of a woman claiming title through marriage to a deceased record owner's husband after the limitation period had expired.

---

&58;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Hardin County; Hon. L. B. Hightower, Sr., Judge.

Trespass to try title by Ella Woods and others against Emma Fowler and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

B. L. Aycock and A. M. Hill, both of Kountze, for appellants. W. W. Cruse, of Beaumont, for appellees.

BROOKE, J. This is a suit filed by appellees in the district court of Hardin county, Tex., October 17, 1916, against appellants, in trespass to try title, claiming 80 acres of land, being the west half of tract of 160 acres in the Elijah Hunter league, known as the old Fairchild homestead, fully described by field notes. The facts show that in 1872, Mrs. S. W. Fairchild settled on the place with her five orphan children, and lived there continuously until the year 1884; that Mrs. Fairchild married one John Fowler in 1884, and was absent from the place about nine years, during which time, however, she occupied the place with her tenants; that she returned there, after being absent about nine years, and lived there continuously until 1908, when Mrs. Fairchild, who had married Fowler, died. In the fall of the same year John Fowler married the present appellant in this cause, and continued to live on the land until 1915, when John Fowler died, leaving the appellant on the place. The heirship of the appellees is admitted. The case was tried before the court without a jury, at the March term, 1917, and resulted in a judgment in favor of appellees.

The first three assignments of error will be considered together, as follows: (a) The court erred in rendering judgment for plaintiffs because the evidence was insufficient to support the ten-years' limitation. (b) The court erred in rendering judgment for plaintiffs because the possession relied on solely by plaintiffs to vest title was not begun and continued under a claim of right, but Mrs. Fairchild entered to pre-empt 160 acres of land, and it was never during the ten years shown to be adverse. (c) The court erred in rendering judgment for plaintiffs because the testimony of plaintiffs showed that the possession was not open, visible, and continuous for ten years.

[1] Appellants' proposition is that to constitute adverse possession under the ten-year statute, there must be a claim of right, and cites the case of Stevens v. Pedregon, 106 Tex. 576, 173 S. W. 210. Unfortunately for the appellants, the doctrine which was thought by some members of the bar to have been announced in the above case has been held not to be the law in a very recent case by the Chief Justice of the Supreme Court, in the case of Houston Oil Company v. H. C. Jones et al. (Sup.) 198 S. W. 290, in which, among other things, the court uses the following language:

"While the requirement that the appropriation of the land must be commenced and continued 'under a claim of right inconsistent with and hostile to the claim of another' was first incorporated in the statute in 1879, at an early day this court announced that such claim was an essential element of adverse possession. Portis v. Hill. 3 Tex. 273. The present statutory definition of 'adverse possession,' in a word, is simply that which the court had always held it to mean and as other authorities, generally, had defined it. For instance, it was said by Judge Moore in Word v. Drouthett, 44 Tex. 365, decided in 1875: 'His entry upon the land must be with intent to claim it as his own or hold it for himself; or his intention to do so, if conceived after going into possession for some other purpose, must be manifested by some open or visible act or declaration showing such purpose, in order to set the statute in motion in his favor. Wash. on Real Prop. 125; 2 Smith's Lead. Cases, 561.' The court has a number of times declared that a naked trespasser may acquire a limitation title to land under the ten-year statute. Smith v. Jones, 103 Tex. 632 [132 S. W. 469, 31 L. R. A. (N. S.) 153], Craig v. Cartwright, 65 Tex. 413, and Word v. Drouthett are among the decisions so holding. It was not the purpose of Stevens v. Pedregon to overrule this established holding of the court, though there is an expression in Chief Justice Brown's opinion that is to some extent confusing. The 'claim of right' to which the statute refers simply means that the entry of the limitation claimant must be with the intent to claim the land as his own, to hold it for himself; and such must continue to be the nature of his possession. That it is necessary that his entry upon or holding of the land be founded upon his having some character of title is opposed to the theory of the ten-year limitation statute."

Without further comment on this proposition, we agree with the Supreme Court.

The further proposition is advanced that the court was in error, because the testimony was insufficient. The above assignments are overruled.

[2] The fourth assignment challenges the action of the lower court as error in rendering judgment for plaintiffs, because Emma Fowler was a minor and pleaded and proved her minority for the first five years of plaintiffs' pretended possession, to wit, from June, 1872, to June, 1877. It will be sufficient to say that at the time spoken of the appellant had no claim of any kind, by paper title or in any other way, to any of the land in controversy. The fact is that after Mrs. Fairchild, who married Fowler, died in 1908, the appellant married Fowler, and as it was shown, conclusively, that the land was the separate property of Mrs. Fairchild, and that Fowler had no title to the same, and was only living there with his former wife, and continued to occupy the same with his present wife until 1915. It is impossible for this court to discover how the minority of the appellant could figure in the case, for the reason that even appellant's husband, by and through whom only she was in possession of the land, had not even intermarried with Mrs. Fairchild during the time and including the time between 1872 and 1884, at which time appellant seeks to plead her minority. In other words, it is impossible for this court to understand how the minority of the appel-

lant in this case would be pertinent to any issue in this case. The court rightly rendered judgment for appellees, and the assignment is overruled.

The fifth assignment is as follows:

"The court erred in admitting in evidence the federal court judgment as; see bill of exception No. ......."

It is not clear to this court for what reason the federal court judgment was introduced, presumably, however, to fix the location of the land or for purposes of description. In any case, there was no error in its admission, and the assignment is overruled.

The court, in our opinion, correctly tried the case, and gave to appellants all their rights, and, finding no error committed by that court, the judgment is in all things affirmed.