CONN et al. v. DREW et al.

(Circuit Court of Appeals, Fifth Circuit. April 1, 1918. Rehearing Denied May 24, 1918.)

No. 3122.

1. APPEAL AND ERROR ⊛⊐324—PARTIES—NECESSARY PARTIES.

Where two defendants asserted a limitation title to a defined parcel of the land in suit, in which no other defendant claimed an interest, they may alone bring error, without a severance from the other defendants, and without any reason being assigned for the failure of such defendants to join.

⊛⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COURTS ⊜366(16)—FEDERAL COURTS—PRECEDENTS—STATE DECISIONS.

 State decisions as to title by limitations being binding on the federal courts, a judgment of the federal District Court for Texas, following the then latest decision of the state court on the question of limitation title, should be reversed on writ of error, where pending the writ the state court altered its decision.

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action by Annie L. Drew and others against R. C. Conn and others. There was a judgment for plaintiffs and defendants Conn and Wagner bring error. Reversed.

John B. Warren, of Houston, Tex. (G. P. Dougherty, of Houston, Tex., on the brief), for plaintiffs in error.

F. D. Minor, of Beaumont, Tex., and George C. Greer, of Dallas, Tex. (Minor & Minor and Samuel C. Lipscomb, all of Beaumont, Tex., on the brief), for defendants in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. [1] Of the land in suit plaintiffs in error Conn and Wagner asserted title by limitation to a defined 160 acres, in which no other defendant claimed an interest. Proceedings in error with reference alone to this 160 acres may be properly prosecuted by Conn and Wagner without severance from other defendants, without being joined by them, and without a reason assigned for failure to join.

[2] The plaintiffs in error asserted title under the Texas statute of limitation of 10 years. They did not "enter under a claim of right, but with the avowed purpose of acquiring title by limitation." The action of the trial judge in directing a verdict against them was in conformity with Stevens v. Pedregon, 106 Tex. 576, 173 S. W. 210, at that time containing the latest expression from the Supreme Court of Texas with reference to the statute. In the meantime the former construction has been restored (Houston Oil Co. v. Jones [Tex.] 198 S. W. 290), and it will be necessary to reverse the case, in order that the issue made by the pleadings of plaintiffs in error, and sustained by sufficient evidence to require submission to a jury, may be tried.

The judgment is reversed.