DAVID Y. PORTIS & WIFE et al., Appellants, vs. WM. G. HILL, Adm'r of ELIZA M. HILL, Deceased, Appellee — Appeal from Austin County.

[See same case, 14 Tex. 69; 30 Tex. 529.]

There is no case in which a private individual will not be barred by an adverse possession continued for the period prescribed as constituting a bar under the statute of limitations. What facts will amount to proof of such adverse possession, in each case, is a question of evidence, not of pleading. They must be such as to give the party whose rights are invaded a cause of action. There must be a disseizin.

In cases of co-tenancy, joint tenancy, tenancy in common, and co-parcenary, as the seizin and possession of one is, in law, the seizin and possession of the other, or others, the mere fact of the uninterrupted possession of one tenant, or an uninterrupted possession which implies no expulsion of the other, is not an adverse possession. To constitute a disseizin and adverse possession, in such cases, there must be an *actual ouster*. But where the defendant asserts in himself an adverse possession, the existence of such acts and circumstances as will amount to a disseizin, or *actual ouster*, is manifestly a question of evidence. [11 Tex. 170; 19 Tex. 488.]

Where pleas were framed in reference to the 39th section of the act of December 20, 1836, or to the 16th section of the act of limitations of 1841: *Held*, that they were insufficient in not alleging the facts which constituted the statutory bar in favor of the party in possession, and that such possession was adverse.

This suit was brought by the appellee against the appellants, in 1845, for the partition of certain lands. The plaintiff below claimed title to the undivided half of a grant of five leagues of land alleged to have been derived as follows.

The original grant is claimed to have been made by the Mexican government to James Cummings, on the 9th day of August, 1824; and it is alleged that the grantee, Cummings, sold and conveyed the undivided half of the land so granted to James E. B. Austin; that Austin subsequently married the plaintiff's

18

intestate, then Eliza M. Westall, by whom he had a son named Stephen F. Austin, Jr., and died in the year 1829, leaving his son his only heir. In the year 1837 the son also died, leaving the said Eliza, his mother, his only heir at law. She was married to the plaintiff, and with her husband instituted this suit, but has since died, and her husband now prosecutes the suit as her administrator, and as the father and natural guardian of their children. The petition represents that after the execution of the deed under which the plaintiffs claim, James Cummings departed this life intestate, and that his heirs are his sister Rebecca, now wife of the appellant, David Y. Portis; his nephew, son of William Cummings, and the heirs of Samuel Cummings, who are unknown to the plaintiff.

At the spring term, 1847, the defendants, Portis and wife, answered, alleging that "it has been more than five years since the plaintiffs' right of action (if any they ever had) accrued, before the commencement of this suit;" and "that the defendant had been in quiet possession of the land mentioned more than five years before the commencement of this suit;" concluding with a general denial.

At the fall term, 1848, Samuel A. Cummings, representing himself as the only son and heir of William Cummings, and the same mentioned in the petition, on his application was made a party defendant, and answered, averring, 1st. That the deed of his ancestor, under which the plaintiffs claim, by agreement between the parties, had been revoked and cancelled. 2d. That James E. B. Austin, at the time of the conveyance to him, was an alien. 3d. Interposing several pleas of prescription and limitation; which are, 1st. That the defendants, and those under whom they claim, have had "adverse, peaceable possession of the said land, using and enjoying the same" for more than ten years prior to the commencement of the suit. 2d. A like peaceable, adverse possession, for more than five years previous to the commencement of the suit, "enjoying the same, and paying taxes thereon, and claiming by title thereto." 3d. Adverse possession, "under color of title, for more than three years prior to the commencement of this suit." 4th. That

the plaintiffs' cause of action is wholly barred and prescribed by the limitation and prescription laws of this state," concluding the answer with a general denial.   The defendant subsequently amended his answer, claiming to have had peaceable, adverse possession of the lands in controversy for more than twenty years next before the commencement of this suit.   The plaintiff excepted to the legal sufficiency of the first and second pleas of the defendants, Portis and wife; and also to the several pleas of limitation and prescription of the defendant, Samuel A. Cummings.   The court sustained the exception, and adjudged the several pleas of limitation of the defendants insufficient.   The defendants asked of the court the following instructions to the jury, all of which were refused:

"1. That if the jury believe that J. E. B. Austin departed this life in 1829, his right to the land in controvery passed into the hands of his administrator, and the suit should have been instituted by the administrator, and the plaintiffs cannot recover.

"2. That if they believe that Stephen F. Austin, Jr., departed this life in the year 1837, his right to the lands in controversy passed into the hands of his administrator, and that this suit should have been instituted by the administrator, and the plaintiffs cannot recover."

"3. That unless the plaintiffs have shown that the land in controversy passed through the hands of the administrator of Stephen F. Austin, Jr., they cannot recover in this action.

"4. That the plaintiff, William G. Hill, as guardian of the heirs of Mrs. Hill, and as her administrator, cannot recover in this action.

"5. That unless the estate of Eliza M. Hill has passed through the hands of the administrator, and become vested in the heirs, the plaintiffs cannot recover.

"6. That if James Cummings, and the defendants claiming under him, have had exclusive, adverse possession of the lands in controversy for twenty years prior to the commencement of this suit, such possession affords a presumption that the sale and deed under which the plaintiffs claim was cancelled and

annulled, or that the land was re-conveyed, and they must find for the defendant.

" 7. That unless the plaintiffs have proved a title from the government to James Cummings, they have not proved a title in themselves, and cannot recover.

" 8. That unless the plaintiffs have proved that the defendants are the heirs, or hold under James Cummings, and that thereby the plaintiffs' and defendants' titles came from a common source, it was necessary for them to have proved title in James Cummings, under whom they claim; and unless this is proved to the satisfaction of the jury, they must find for the defendants.

" 9. That, in order to sustain their action, it was necessary for the plaintiffs to prove that the defendants held a title to the undivided half of the five leagues of land from the same source with the plaintiffs; otherwise no co-tenancy is proved, and they must find for the defendants."

The statement of facts embraces the original deed from James Cummings to James E. B. Austin; the testimony of the deputy clerk of Austin county, respecting the custody of the deed; an agreement respecting the proof of its execution, and that of the deed from John and William Cummings to James E. B. Austin; proof that James E. B. Austin emigrated to Texas in 1822 or 1823; that he married the deceased, Eliza M. Hill, then Westall, in 1825 or 1826; that he died in 1829, leaving an infant son, Stephen F. Austin, Jr., who died in 1837; that Austin's widow was married to Philips, and after his death, in 1836, was married to the plaintiff, Wm. G. Hill, and died in 1847 or 1848.

There was a verdict and judgment for the plaintiff, a motion for a new trial overruled, and the defendants appealed.

MUNGER for appellants.

It was error in the court to overrule the defendants' pleas of limitation. They were thereby excluded from showing the nature of their claim. [Laws 1st Cong. p. 156, sec. 39; 5th Cong. p. 167, secs. 14, 15, 16, 17; Partidas 3 Tit. 29, Law 18;

Gautier *vs.* Franklin, 1 Texas Rep. p. 732; Angell on Lim. pp. 460 to 469.]

There is no allegation or proof that defendants, or those under whom they claim, are, or ever were, co-tenants with plaintiffs, or any one under whom they claim, and therefore any plea of limitations would be good. The allegations of the plaintiffs show that from 1825 to the death of James E. B. Austin in 1829, there was no disability to prevent the commencement of the bar; and when it commenced it continued to run. [Angell on Lim. p. 206, and 415 to 422.]

The court erred in not permitting defendants to prove that James Cummings set up an adverse possession to the claim of plaintiffs, beginning in the year 1825. The object was to show twenty years' peaceable possession, from which a title in the possessor is presumed, and outstanding claims presumed to be cancelled. [Mercer's Lessee *vs.* Selden, 1 Howard's U. S. R. p. 41, 46, and authorities therein cited.]

For aught that appears by the record, the defendants claim and defend by title paramount to that of James Cummings, or any one claiming under him. The plaintiffs, therefore, should have deraigned their title, and not having done so, they did not make out their case, and the court erred in refusing the 7th, 8th or 9th instructions asked by defendants.

LEWIS, same side.

JONES for Cummings.

HARRIS and PERLEY for appellee.

Portis and wife set up no title in themselves, but relied solely *on the possession of five years.* The plea shows neither *title* or *color of title,* but a mere naked possession. That such is insufficient, see Jackson *vs.* Warford, 8 Wend. 62; id. 440. In such case he can claim no more than he *actually occupies.* [Riley *vs.* Jerreson, 3 N. H. Rep. 23; Davidson *vs.* Beatty, 3 Har. & McHen. Rep. 594; 3 U. S. Digest, 441; McCall *vs.* Neely, 3 Watts, 69.]

Under the Spanish law, possession without *just title* must be for thirty years. A less term will not avail. [Rousseau *vs.* Henderson, 12 Mart. 635.]

The remaining plea of Portis and wife, the general issue, only puts the plaintiff to the proof of the averments in his petition.   [1 Tex. Rep. 443.]   The deed from Cummings to Austin recites the deed from the government to Cummings, and it further says, Austin was put into possession of the lan'l sold.   This is *prima facie* evidence of legal seizin of the plaintiff, or of those under whom he claims, uncontrollable by ·a stranger.   [7 Mass. Rep. 189;  7 Wheat. 60.]   Seizin is presumed to continue until the contrary is proven.   [5 Pick. 181.] Portis and wife, then, having no title, and having denied that color of title which was given them in the petition, have no interest in this controversy.

Samuel Cummings claims under James Cummings, under whom the plaintiff also claims.   As they claim from the same source, it would be unnecessary to prove any chain of title beyond that.   But Samuel Cummings would be estopped, by the recital in the deed from Cummings to Austin, to deny the existence of the deed from the government to James Cummings. [7 U. S. Con. R. 214.]   The same deed estops Samuel Cummings from denying the sale from Cummings to Austin, and all the recitals in said deed.   Then Austin and Cummings, and those claiming under them, are tenants in common, and so continue until partition, or actual disseizin, or actual ouster; and until then the possession of one is the possession of both. [5 Term Rep. 87; 17 Mass. Rep. 68; 14 id. 434; 1 Pick. R. 114; 1 McCord, 131; 7 Term R. 12; 2 Har. & McHen. 259.] These authorities show that the plea was bad, because it did not allege an *actual ouster*.

Mr. Justice WHEELER, after stating the facts of the case, delivered the opinion of the court, Mr. Justice LIPSCOMB not sitting.

The questions which it is deemed material to consider relate to the ruling of the court.   1st. In maintaining the exceptions to the several pleas of the statute of limitations.   2d. In refusing the several instructions asked by the defendants.

1. In maintaining the plaintiffs' exceptions to the several pleas of the statute of limitations, the court appears to have acted

upon the supposition, either that to this action the statute of limitations does not apply, and cannot, therefore, be pleaded at all; or that it is not enough for the defendant to allege in himself an *adverse possession* maintained during the period limited by the statute, but he must state in his plea the acts and circumstances which constitute the evidence of such possession. Neither supposition, however, is well founded in law. *There is no case in which a private individual will not be barred by an adverse possession, continued for the period prescribed as constituting a bar under the statute of limitations.* [Angell on Limitations, 2d ed. 397, sec. 2.] What facts will amount to proof of such adverse possession, in each case, is a question of evidence, not of pleading. They must be such as to give the party whose rights are invaded a cause of action. There must be a disseizin. But what will give a cause of action, or amount to a disseizin, are often questions of no little difficulty. The difficulty of laying down a precise rule by which to determine what is an adverse possession, has often been felt and acknowledged. "The clearest and most comprehensive definition" (it is said) "of a disseizin and adverse holding, perhaps, is an actual, visible and exclusive appropriation of land, commenced and continued under a claim of right; either under an openly avowed claim, or under a constructive claim arising from the acts and circumstances attending the appropriation, to hold the land against him who was seized." [Id. 410, sec. 11.] And, in cases of co-tenancy (joint tenancy, tenancy in common and co-parcenary), as the seizin and possession of one is, in law, the seizin and possession of the other or others, the mere fact of the uninterrupted possession of one tenant, or an uninterrupted possession which implies no expulsion of the other, is not an adverse possession; but to constitute a disseizin and adverse possession in this case, there must be, in the language of the books, an *actual ouster.* [Id. p. 456, secs. 1 to 6.] But where the defendant asserts in himself an adverse possession, the existence of such acts and circumstances as will amount to a disseizin or *actual ouster*, and will, therefore, support the plea, is most manifestly a question of evidence. It did not arise

upon the pleadings. The allegation of an *adverse possession* was, in this respect, sufficient. To have alleged an *actual ouster* would not have rendered the plea, in any wise, more certain or intelligible; and to have stated the evidence would have been going beyond what has ever been required. But it may be that the court rejected the pleas upon the ground that the statute was not, in other respects, well pleaded. A comparison of the several pleas with the statute will ascertain how far they embrace the facts which, by its provisions, are required and made to constitute an effectual bar and valid defense.

The pleas of limitation of the defendants, Portis and wife, must be considered in reference to the act of 1836 [1 Stat. 156, sec. 39], or the 16th section of the act of limitations of 1841, these being the only acts prescribing the period of five years. But these pleas are insufficient in not alleging the facts which are made to constitute the statutory bar in favor of the party in possession, and in not alleging the possession of the defendants to have been *adverse*.

Of the several pleas of limitation of the defendant, Samuel A. Cummings, the first appears to have been framed with especial reference to the 17th section of the act of limitations of 1841, alleging that the defendant had been in the " adverse, peaceable possession of the said land, using and enjoying the same," for a period of more than ten years. No reason is perceived why this is not a good plea of the limitation prescribed by the 17th section of the statute.

The second plea of the defendant, Cummings, though not good as a plea of the limitation of five years prescribed by the 16th section, for the want of an averment of the due registration of the title or deed under which the defendant claims, is still a good plea of the prescription of three years, since it includes every fact necessary to constitute the bar created by the 15th section. And the third plea of the defendant, being in exact conformity to the 15th section, and averring all the facts which constitute the limitation of three years prescribed by that section, is evidently a good plea. These pleas allege that the possession of the defendant, attended by all the cir-

cumstances requisite by the statute to constitute an effectual bar of the plaintiffs' right of action, was an *adverse* possession. The defense of limitation thus interposed was applicable to and available in this action. Whether true in point of fact was a question not then before the court, and one which could only be presented upon the evidence adduced in support of the pleas. We are of the opinion, therefore, that the court erred in maintaining the plaintiffs' exceptions to the pleas of the defendant, Samuel A. Cummings, of the limitation of ten years' peaceable, adverse possession, with the use and enjoyment of the premises; and also, the plea of three years' adverse possession under color of title.

2. The remaining inquiry respects the ruling of the court in refusing the several instructions asked by the defendants. Of these, the first five seem to have been framed with the view of asserting the proposition, to enable the heirs to maintain the action, the estate of their ancestor must appear to have been administered, and that this, it devolved on the plaintiff to show in this action. This proposition we do not think well founded, and we are of opinion that the instructions numbered from *one* to *five*, inclusive, were rightly refused. The sixth instruction had been anticipated by the previous rulings of the court, which it is not deemed material now to consider. It had no application to the issue, or evidence before the jury, and was rightly refused.

The defendants, Portis and wife, not having admitted or claimed any title or interest in themselves derived from James Cummings, but on the contrary having denied " all and singular " the allegations of the petition, including the averment of their heirship and co-tenancy, to entitle the plaintiff to a decree of partition and a judgment for costs as against *them*, it was incumbent on him to deduce and prove title in himself, and also their heirship and co-tenancy, and the court erred as to them in refusing the 7th, 8th and 9th instructions asked on behalf of the defendants. Because, therefore, the court erred in maintaining the plaintiffs' exceptions to the pleas of the defendant, Samuel A. Cummings, of the limitation of ten

years' peaceable, adverse possession, with the use and enjoyment of the premises, and of three years' adverse possession under color of title, and because, also, the court erred in respect to the defendants, Portis and wife, in refusing the 7th, 8th and 9th instructions asked on their behalf, it is the opinion of the court that the judgment be reversed, and the cause remanded for further proceedings.