RACHEL PARKER V. EPPERSON J. HOBGOOD.

Where the husband and wife are jointly sued, the plaintiff cannot dismiss as to the husband, not served, and take judgment against the wife.

Error from Nueces. Tried before the Hon. James Webb.

Suit by the defendant in error against Thomas Parker and Rachel Parker, wife of the said Thomas Parker, for the value of work and labor done for them by the plaintiff, one hundred and one days, alleged to have been reasonably worth $2 per day. The two citations were both alike, and each commanded the Sheriff to summon both defendants. The returns are given in the Opinion; they were dated the same day. The plaintiff, by the leave of the Court, filed an " amended petition," which was precisely the same as the former, omitting the words, " wife of the said Thomas Parker." Same day discontinued as to Thomas Parker, and took judgment by default against Rachel Parker. The second day afterwards, Rachel Parker, by her counsel, moved to set aside the default. Motion overruled. Petition for writ of error by Rachel Parker, " aided and authorized by Thomas Parker, her husband," &c.

*F. H. Merriman*, for plaintiff in error.

LIPSCOMB, J. It is admitted, that if the amendment does not reach the capacity in which the defendants, as husband and wife, were sued in the original suit, so as to discard that relationship, the judgment is erroneous. The relationship of husband and wife is not expressly disclaimed in the amendment, nor is it done by implication, nor does that appear to have been the object of the amendment. If it had been so, it could have been made without reconstructing the petition, as

was done. It would have been only necessary to strike out from the petition the character in which Rachel was sued, *wife of the said Thomas Parker*.

On the second ground, that the Court erred in permitting the discontinuance to be entered as to Thos. Parker, and judgment to be rendered against Rachel Parker, there is some doubt whether the record shows that service had been made upon Thomas Parker. If service had been perfected upon him, there would be error in permitting the discontinuance, even if the parties were not sued as husband and wife. (Hart. Dig. Art. 704.)

There were two citations issued at the same time, which was right, because each of the defendants was to be served separately. On one of them the Sheriff returned, in proper form, " served on Rachel Parker," and added thereto, " Thomas Parker not found ;" on the other, bearing same date, he returns " Executed by handing to the defendant the copy of petition, as furnished by the Clerk, in person ; also a copy of the writ." Both citations required a return separately ; and the one, returned executed on Rachel, was a good return of that one, but did not dispense with the return of the second, and was not a good return as to that one. The return on the second, executed on the defendant, without saying or stating which defendant, would imply that it was on the defendant Thomas Parker, as he had returned service on Rachel Parker on the other ; and if so, there was error on this ground also. This seems to be a reasonable inference. If this was not so, the plaintiff below ought to have asked leave for the Sheriff to amend his return.

The judgment is reversed and the cause remanded. We remand it for the purpose of giving the plaintiff below an opportunity to amend, if the facts of the case will permit. If the parties were not husband and wife, and process had not been served on Thomas Parker, an amendment might be made to sustain the action.

Reversed and remanded.