HOUSTON OIL COMPANY OF TEXAS v. H. C. JONES ET AL.

Application No. 9872.   Decided November 14, 1917.

**Limitation—Adverse Possession—Claim of Right.**

The adverse possession which will support a claim of title by limitation must be commenced and continued under a claim of right inconsistent with and hostile to the claim of another (Rev. Stats., art. 5681). But a naked trespasser, if so holding, may claim by limitation. It is not necessary that his entry and holding be founded on his having some character of title. Stevens v. Pedregon, 106 Texas, 576, limited.   (Pp. 89, 90.)

Application for writ of error to the Court of Civil Appeals for the Ninth District, in an appeal from Newton County.

H. C. Jones and others sued the oil company for land and recovered. Defendant appealed, and on affirmance (184 S. W., 611) applied for writ of error.

*H. O. Head, Parker & Hennerly,* and *Fred T. Williams,* for plaintiff in error, cited: Stevens v. Pedregon, 106 Texas, 576; Rev. Stats., 1879, pp. 3194 et seq.; Act of Feb. 5, 1841, P. D., 4624 et seq.; Craig v. Cartwright, 65 Texas, 421.

*Jno. B. Warren,* for appellee in Court of Civil Appeals.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was by the heirs of Mrs. D. M. Jones against the Houston Oil Company of Texas for the recovery of an undivided one-half interest in a 160-acre tract of land. The title relied upon by the plaintiffs was one of ten years limitation which they claimed was perfected by their father, D. M. Jones, during the lifetime of their mother. The verdict of the jury was in their favor and has support in the evidence.

It is urged that there was no proof that D. M. Jones had any claim to the land when he entered upon it, and none that his occupancy was continued under any claim other than an intention to hold the land as a home. For this reason it is contended that his possession was not adverse within the meaning of the statute, because not commenced and continued under "a claim of right." Stevens v. Pedregon, 106 Texas, 576, 173 S. W., 210, is relied upon in support of this proposition.

The statute defining "adverse possession," article 5681, is as follows:

"'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

While the requirement that the appropriation of the land must be commenced and continued "under a claim of right inconsistent with and hostile to the claim of another" was first incorporated in the statute in 1879, at an early day this court announced that such claim was an essential element of adverse possession. Portis v. Hill, 3 Texas, 273. The present statutory definition of "adverse possession," in a word, is simply that which the court had always held it to mean and as other authorities, generally, had defined it. For instance, it was said by Judge Moore in Word v. Drouthett, 44 Texas, 365, decided in 1875:

"His entry upon the land must be with intent to claim it as his own or hold it for himself; or his intention to do so, if conceived after going into possession for some other purpose, must be manifested by some open or visible act or declaration showing such purpose, in order to set the statute in motion in his favor. (Wash. on Real Prop., 125; 2 Smith's Lead. Cases, 561.)"

The court has a number of times declared that a naked trespasser may acquire a limitation title to land under the ten years statute. Smith v. Jones, 103 Texas, 632, 132 S. W., 469, 31 L. R. A. (N. S.), 153; Craig v. Cartwright, 65 Texas, 413, and Word v. Drouthett are among the decisions so holding.

It was not the purpose of Stevens v. Pedregon to overrule this established holding of the court, though there is an expression in Chief Justice Brown's opinion that is to some extent confusing.

The "claim of right" to which the statute refers simply means that the entry of the limitation claimant must be with the intent to claim the land as his own, to hold it for himself; and such must continue to be the nature of his possession. That it is necessary that his entry upon or holding of the land be founded upon his having some character of title is opposed to the theory of the ten years limitation statute.

The case of Houston Oil Company v. Davis, in which a writ of error has been granted, and which has not yet been decided, involves this question, but we deem it best to relieve the opinions of the court of any possible doubt upon it. For that reason this opinion is written now, rather than deferred until the decision of the above case.

The writ of error is refused.

*Writ of error refused.*