**JOHNICAN et al. v. TOMASINO.**

No. 12355.

Court of Civil Appeals of Texas. Galveston.

April 3, 1952.

P. Harvey, of Houston, for appellants.

Carl & Lee, Houston, and Emory T. Carl, Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

Appellants, Celia Johnican and her daughter, Doris Hawthorne, brought this action in statutory form of trespass-to-try-title to recover from appellee, Tony Tomasino, the title and possession of a one-half interest in Lot No. 8 in Block No. 67 in Runnel's Addition to the City of Houston, and for partition of and rents from said property. Appellants also plead title in limitation to the property in controversy under the several limitation statutes. Appellee answered with a plea of not guilty and a claim of title under the ten year statute of limitation, Vernon's Ann.Civ.St. art. 5510.

At the close of the evidence, on motion of appellee, the court instructed a verdict

for defendant and judgment was rendered that plaintiffs take nothing. Appellants have appealed from this action of the trial court.

Plaintiffs, appellants herein, claim title as heirs of their father, Lorenza Johnican. They claim that their father acquired title from Mary and J. W. Johnston by parol gift or transfer. It is undisputed that the legal title to the property in controversy was vested in J. W. Johnston and his wife, Mary Johnston, by deed dated June 20, 1906. Lucinda Johnican testified that after said property had been transferred to her and her husband, they moved into the house with the Johnstons and that they lived with the Johnstons on the premises until the Johnstons died. J. W. Johnston died in December, 1908, and his wife, Mary Johnston, died in January 1909. Lucinda and Lorenza Johnican had moved in with them several months before their death but the Johnstons never surrendered possession of the property during their lifetime.

Lucinda Johnican testified that they had the house painted and papered, added two rooms over the garage and made a three-room addition and a one-room addition to the porch. There is no evidence or testimony that any part of these improvements were made during the lifetime of the Johnstons.

Appellants rely on eight points of assigned error. They contend that the court erred in instructing a verdict for defendant because the undisputed evidence showed that appellants had acquired an undivided one-half interest in the property by verbal sale from J. W. and Mary Johnston; and in instructing a verdict for the appellees because the evidence adduced raised an issue for the jury as to whether Lorenza and Lucinda Johnican had acquired title to the property by verbal sale; that the evidence is undisputed that plaintiffs held title to one-half of the property under the ten year statute of limitation and that the evidence raised an issue for the jury of notice to the defendant.

It was stipulated by the parties that title was vested in J. W. Johnston and his wife, Mary Johnston, by deed dated June 20, 1906. Mary Johnston died in January, 1909, leav-ing as her sole heirs her two sisters, Celia Holton and Julia Brown, and her brothers, Abe Mack and Louis Mack. These two sisters and brothers conveyed all their interest in the property in controversy to Lucinda Johnican in 1917. After the death of Lorenza Johnican, his widow, Lucinda Johnican, obtained judgment in a trespass-to-try-title action against Celia Holton, Maud Parker (a niece of Mary Johnston) and her husband, Louis Parker, Julia Brown and Louis Mack, Abe Mack and Mary Johnston, J. W. Johnston and the spouses, heirs, legatees and devisees of the three latter parties. On November 21, 1925 Lucinda Johnican executed a deed of trust on the property in controversy with full covenants of warranty in favor of Betty Miller. This deed of trust was foreclosed and the property conveyed by the trustee to Betty Miller. Betty Miller conveyed the property to A. M. Grant by general warranty deed. A. M. Grant obtained a judgment against Lucinda Johnican for title and possession of the property in controversy on May 10, 1932. He conveyed the property to appellee's father, Phillip Tomasino, by general warranty deed on September 26, 1933, who conveyed the property to appellee, Tony Tomasino, on July 22, 1944.

The deed of trust from Lucinda Johnican to Betty Miller, the deed from Lucinda Johnican by trustee to Betty Miller, the deed from Betty Miller to A. M. Grant and the deed from Grant to Tomasino all recited a valuable consideration and all contained full covenants of warranty.

The Supreme Court of this State has in numerous instances announced the rule that to relieve a parol sale of land from the operation of the statute of frauds, three things are necessary: (1) payment of the consideration, (2) possession by the vendee, and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor.

In the instant case plaintiffs have, we think, failed to prove the requisite possession of the property involved in the controversy during the lifetime of the Johnstons. The record shows that Lucinda and Lorenza Johnican came to Houston to

look after Lucinda's aunt, Mary Johnston, who was ill. Lucinda Johnican testified that before moving into the house with the Johnstons the Johnstons made a parol gift of the property to her and her husband and that thereafter she and her husband continued to live on the property with the Johnstons until they died a few months later.

In the case of Sims v. Duncan, Tex.Civ. App., 195 S.W.2d 156, 160 (writ refused), the facts as to possession are almost identical with the facts in the instant case. In its opinion this Court said: "In Thornton v. Central Loan Co., Tex.Civ.App., 164 S.W.2d 248, 251, writ refused, it was held: 'In order to take a parol gift of land out of the statute of frauds as to third parties dealing with the record owner, the gift must be followed by possession which in itself attests the fact that such possession is intended as a delivery under the parol gift or agreement; and such possession on the part of the donee must be exclusive and adverse to the donor. Art. 3995, R.C.S.; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Mulkey v. Allen, Tex.Com.App., 36 S.W.2d 198; and Hauser v. Zook, Tex.Civ.App., 278 S.W. 518, 519, writ dismissed, wherein the court say: "There was not shown by any testimony an exclusive possession, but one contemporaneous with that of the true owner. * * *"' Appellant's evidence wholly failed to show that she was ever placed in exclusive possession of the property. It affirmatively established that she went upon the property as a servant to care for the record owner, Kocher. The evidence wholly failed to show that appellant was ever in exclusive and adverse possession of the property. * * *"

Under the holding announced in the case of Sims v. Duncan, the facts are, we think, insufficient to raise an issue for the jury on the question of parol transfer.

It is undisputed that improvements on the property in controversy were made by Lorenza and Lucinda Johnican but there is no evidence in the record that they were made with the knowledge or consent of the Johnstons and there is no evidence from which it could be concluded that they were made prior to the death of the Johnstons. In the case of Hooks v. Bridgewater, supra, 111 Tex. 122, 229 S.W. 1114, 1116, the Supreme Court of this State has clearly announced the rule that "* * * to relieve a parol sale of land from the operation of the statute of frauds * * *" it is necessary that permanent and valuable improvements be made upon the land "* * * with the consent of the vendor".

In the case of Hutcheson v. Chandler, 47 Tex.Civ.App. 124, 104 S.W. 434, 435, this Court held that, "Improvements made, in such case, upon the faith of a parol gift of land, must be made in the lifetime of the donor, otherwise they cannot be said to have been made with his acquiescence and consent."

■■■ Further, the evidence in the record is, we think, insufficient to raise an issue of fact for the jury as to whether the father of appellants acquired title to the property in controversy under the ten year statute of limitation. It is undisputed that title was vested in J. W. Johnston and wife, Mary Johnston, by deed dated June 20, 1906. J. W. Johnston died in December, 1908, leaving his wife, Mary Johnston, as his sole heir at law. She died in January, 1909, leaving as her sole heirs her two sisters and two brothers, who conveyed their interest in the property in controversy to Lucinda Johnican in 1917. After the death of Lorenza Johnican, Lucinda Johnican, a widow, obtained judgment in trespass-to-try-title against her brothers and sisters and against Mary Johnston and J. W. Johnston and Abe Mack, and the spouses, legatees and the devisees of the three latter parties. The undisputed evidence shows that Lorenza and Lucinda Johnican moved into the premises with Mary and J. W. Johnston a few months before J. W. Johnston died in 1908. Mary Johnston died in January, 1909. Under the above facts the record owners of the legal title continued in possession until after the death of Mary Johnston in January, 1909. Lorenza Johnican died in October, 1918, less than ten years after the death of either J. W. Johnston or Mary Johnston. The Johnicans occupied the land in controversy with the Johnstons until the dates of their

deaths. Under the rule announced by the Supreme Court in the case of Rick v. Grubbs, 147 Tex. 267, 214 S.W.2d 925, adverse possession cannot exist if occupancy is shared with the owner, his agents or his tenants.

Under the above facts, Lorenza Johnican could have had no adverse possession of this property until the death of Mary Johnston in January, 1909, and since he died before the expiration of ten years from that date he did not acquire title to the property by limitation.

In the case of Thompson v. Richardson, Tex.Com.App., 221 S.W. 952, 953, it was held by the Commission of Appeals that, "Where possession is taken of the land of another, but, at the time such possession is taken, it is in recognition of the true title and the constructive possession of the title holder, the occupant is in possession in subjection to the recognized title. He cannot perfect a claim of title or defense under the statute as against the true owner, without bringing to his notice a repudiation of the recognition, and of the assertion of an adverse claim. The right to shield his possession under the statute, or to carve an estate, dates only from his repudiation. Houston Oil Co. of Texas v. Jones (109 Tex. 89) 198 S.W. 290; Roseborough v. Cook, 108 Tex. 364, 194 S.W. 131; Davis v. Howe (Tex.Com.App.) 213 S.W. 609."

The fact that Lucinda Johnican remained in possession of the property after the death of her husband, Lorenza Johnican, would not benefit Lorenza Johnican's heirs since a limitation title ripened by her after his death would be her separate property and not a part of the community, under the rule announced by the Supreme Court in the case of Hutto v. Cook, 139 Tex. 571, 164 S.W.2d 513, 515, in which it is held that under Article 4619, Vernon's Annotated Civil Statutes, " * * * construing such Article (4619, Sec. 1) * * * (which provides) that where a husband and a wife claim and occupy land with the intention of perfecting title by limitation, and one of the spouses dies before limitation is complete, such land becomes the property of the survivor who matures the period of limitation. In other words, if one of the spouses

dies before the title by limitation matures, the property becomes the separate property of the surviving spouse who completes the title by limitation, and not the property of the community estate." (Citing authorities.)

Under the above facts, it is, we think, apparent that Lorenza Johnican never acquired title by limitation, and that if such title was perfected, after his death, it was then the separate property of his wife, Lucinda Johnican, and that her title has passed to appellee.

Under appellee's third counter-point he contends that the claimed interest of appellants is an equitable title and that appellants had failed to show that appellee and each of his predecessors in title had notice thereof, or that appellee and each of his predecessors in title took title in bad faith, that the trial court correctly instructed a verdict against plaintiff. As above stated, plaintiffs herein and their father have never, we think, acquired title by limitation to the land in controversy. Any title they have was either by virtue of alleged parol transfer to their parents, which, if effective, would have given them only an equitable title to the land, or else a title acquired by virtue of the two deeds to Lucinda Johnican, which would have vested in their father an equitable one-half interest in said property.

■■ Further, the deed of trust from Lucinda Johnican to Betty Miller and the deed from Lucinda Johnican by trustee to Betty Miller, the deed from Betty Miller to A. M. Grant and the deed from Grant to Tomasino are recited to have been for a valuable consideration and all contained full covenants of warranty, and since the title asserted by appellants was an equitable title, and the burden of proving that defendant was not an innocent purchaser of value without notice was upon them. Strong v. Strong, Tex.Civ.App., 66 S.W.2d 751, affirmed by Commission of Appeals, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739. The burden of proving that each of defendant's predecessors in title also had notice of the asserted equitable interest or took title in bad faith was also upon appellants.

Buckalew **v.** Butcher-Arthur, Inc., Tex. Civ.App., 214 S.W.2d 184.

There is no evidence in the record which would tend to show that Betty Miller, A. M. Grant or Phillip Tomasino paid other than a valuable sufficient consideration for the property, and with respect to notice, while there was an attempt made to show notice to Grant and Tomasino there was no attempt made to show notice to Betty Miller.

The mere fact that plaintiffs resided on the property with their mother, Lucinda Johnican, in whom rested the legal title, was not sufficient to raise an issue of notice. Strong v. Strong, supra, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739.

We have carefully considered all points of appeal presented by appellants in their brief and, finding no reversible error therein, the judgment of the trial court must, we think, be in all things affirmed.