**Byron O. BURNETT, Appellant,**

v.

**Alex MELETIO, Jr., et al., Appellees.**

No. 15927.

Court of Civil Appeals of Texas.

Dallas.

Nov. 3, 1961.

Rehearing Denied Dec. 1, 1961.

Wm. Andress, Jr., Dallas, for appellant.

Matthews & Matthews, Dallas, for appellees.

WILLIAMS, Justice.

On June 18, 1959 Alex Meletio, Jr., and others brought this suit in a District Court against Byron O. Burnett in which judgment was sought upon itemized sworn account. The record, as corrected by affidavit of the District Clerk, reveals the notary seal was not actually impressed as a part of the jurat in support of the verified account. The defendant, Byron O. Burnett, through his then counsel Grover Hartt, Jr., filed his first amended original answer in which he denied the justness of parts of the account sued upon and also asserted that certain credits had not been properly allowed. This answer was duly verified by defendant. On May 17th, 1960 Grover Hartt, Jr., filed his application to withdraw as attorney for defendant Burnett, said motion asserting failure of the client to cooperate and to accept the advice of his attorney. The court entered an order granting the application of defendant's attorney to withdraw. In said order, dated May 17th, 1960 the trial court said: "It is further Ordered, Adjudged and Decreed that said defendant, Byron O. Burnett, having received notice of withdrawal of his attorney, is instructed to retain counsel if he so desires and respond to the pleadings of plaintiffs by Monday May 30th, 1960." Thereafter, on the 8th day of June 1960 judgment was rendered against defendant for $1,824.04, plus interest. This judgment recited: "On the 8th day of June 1960, came on for hearing, the above styled and numbered cause, and came plaintiffs and announced ready for trial, and the defendant, though having heretofore answered herein and being duly notified of the date and hour of the trial appeared not, and no party hereto having requested a jury, this cause proceeded to trial before the court, and the court having heard the evidence, pleadings, and argument of counsel, and being of the opinion that the law and facts are in favor of the plaintiffs * * *".

Defendant, appearing through his present attorney, William Andress, Jr., filed his motion for new trial on June 17th, 1960 in which he sought to have the judgment nil dicit entered on June 8th, 1960 set aside. The motion for new trial is set forth in footnote.[1] On November 1st, 1960 the

---

1. Motion for New Trial.
To Said Honorable Court:
"Defendant Byron Burnett moves the court to set aside the judgment rendered herein on 8 June 1960, nil dicit and to grant him a new trial, and as grounds therefor alleges:

"1.
"Defendant had formerly been represented herein by the firm of Tobolowsky, Hartt, Schlinger & Blalock, who had been permitted to withdraw on 17 May 1960, and who had theretofore notified this defendant of their intention to so with-

trial court, reciting due notice to all parties and a hearing in court, overruled the defendant's motion for new trial.

■ By his first three points on appeal appellant complains of the judgment because (a) the sworn account is not sufficient to sustain the judgment because the affidavit does not bear a notarial seal and is therefore a nullity; (b) the sworn account, after sworn denial, is no evidence to support the judgment; and (c) the judgment, consisting of a purported sworn account without notarial seal denied under oath, is without evidence to support it. These points having to do with the same general subject matter, may be considered together. Appellant places great weight upon the fact that the affidavit in support of the verified account does not contain a notarial seal and therefore would not be admissible in evidence to support the judgment. McKellar v. Peck, 39 Tex. 381; Missouri Pacific Ry. Co. v. Brown, Tex., 53 S.W. 1019 and McDonald v. Stanfield, Tex.Civ. App., 197 S.W. 892. Even so, when appellant filed his verified answer to the original petition in this case such had the effect of neutralizing the legal effect of any verified petition and places the burden of proof upon the plaintiff to prove his cause of action by a preponderance of the evidence. Burtis v. Butler Brothers, Tex.Civ. App., 243 S.W.2d 235.

■ Appellant's argument under his first three points postulates the non-existence of any evidence other than the defective verified petition. The record does not support appellant in this assumption. The trial judge filed a certificate in which he stated that when the case was called for trial plaintiffs introduced evidence on the witness stand both oral and company records. Moreover, the judgment itself recites that the court heard evidence prior to the rendition of the judgment. There is no statement of facts nor is there findings of fact and conclusions of law by the court. It is well settled that where there is no statement of facts it will be presumed that the evidence supports the judgment of

draw. On 18 May 1960 defendant consulted with Wm. Andress, Jr., his undersigned attorney, who was then handling other matters for him, and in the course of such conference, discussing a number of matters, this case and the withdrawal of prior attorneys was discussed, and defendant thought that he left some of the papers pertaining to this matter with the undersigned attorney, and when he was advised on the morning of 8 June 1960 by either counsel for plaintiffs or the Clerk of the Court in a message to his office that the matter would be heard that afternoon, he immediately contacted the undersigned attorney and then learned that he had not left the file with the undersigned attorney, but had inadvertently taken the file back with other papers he retained at such conference. As a result of such misunderstanding, responsibility had not been passed to another attorney at the time that the matter came on for trial, and the defendant was not present or represented at said hearing.

"2.

"The defendant has a meritorious defense, which is contained in his first amended original answer, and also in his affidavit in opposition to the motion for summary judgment, on file in this cause, showing photostatic copies of checks payable to the order of plaintiff for which he has not received credit; a baseless restocking charge not based upon any agreement, failure to credit an advertising allowance, and failure to credit units transferred to the manufacturers service representative for which the plaintiff has received credit. In addition to the defendant, who would so testify, he has as witnesses G. N. DeJarlis and Kenneth Woods, who would testify to portions of the defense, and would materially reduce if not eliminate the plaintiffs' claim and judgment.

"3.

"Defendant would further show that this cause is sued upon a verified account, but that the affidavit thereto does not bear any notarial seal, and is therefore insufficient as a verified account to support judgment.

"4.

"For the foregoing reasons injustice has been done to the defendant, and the judgment should e set aside as contrary to the law and the evidence.

"Wherefore, defendant moves the Court to set aside the judgment and grant him a new trial."

the trial court, unless there is something in the judgment that affirmatively shows the trial court did not dispose of the case on the basis of the evidence before it. Where the judgment recites that evidence was heard it is to be presumed that the trial court correctly performed its duty and disposed of the case by finding the facts in a manner supported by the evidence and correctly applying the law to the facts as found by it. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Kavanagh v. Holcombe, Tex.Civ.App., 312 S.W.2d 399. We find nothing in this record to indicate that the trial judge did not correctly perform his duty after hearing evidence and applying the law thereto. It necessarily follows that there is no merit to appellant's first three points of error.

■ Another reason why said points are not well taken is found in the fact that nowhere in appellant's motion for new trial filed in the trial court does he present the question of no evidence or insufficient evidence to support the judgment. While it is true that in a case tried before the court a motion for new trial is not essential for appeal, yet it is equally true that when a motion for new trial is filed the moving party, on appeal, is confined to the assignments presented in said motion. Rule 323, Texas Rules of Civil Procedure; Humphreys v. Humphreys, Tex.Civ.App., 200 S.W.2d 453.

Appellant's chief point on appeal is contained in his point four wherein he charges an abuse of discretion on the part of the trial court in overruling his motion for new trial: "Where the judgment nil dicit was rendered on a date other than fixed, upon inadequate notice to defendant, based on insufficient pleadings of sworn account denied under oath, with a showing of a meritorious defense, thereby depriving defendant of his day in court." This question calls for careful consideration of the record to determine whether appellant has really been deprived of his day in court. After the case had been on file for approximately eleven months, appellant's first attorney sought

for, and obtained, permission to withdraw. On the same date the trial court ordered the appellant to take some action to protect himself within two weeks time. The trial court certified that on April 7th, 1960 the case was set for trial on May 30th, 1960 and that the defendant was notified by mail. On May 30th, 1960, at the call of the docket the cause was set as No. 11 in the list of cases to be tired. The court certified that the case was reached for trial on June 8th, 1960 and that the Clerk of the Court called the plaintiff's attorney during the morning and notified them that the case would be reached for trial at 2 p. m. that afternoon. At that time plaintiff's attorney advised the court that Mr. William Andress, Jr., had just called the Clerk of the Court inquiring about the case and that he, the attorney, had talked to Mr. Andress. That conversation between the attorneys revealed that Mr. Andress advised that he had consulted with Mr. Burnett in regard to the case but that up to that time he had not been employed as attorney. The court at that time heard testimony, both oral and record, and rendered judgment. The motion for new trial reveals that Mr. Burnett contacted Mr. Andress on May 18th, 1960, but that Mr. Andress was not given the responsibility of defending the case as of the date of the trial on June 8th, 1960. It is alleged that Burnett had a misunderstanding concerning the file in the case. While appellant does allege in paragraph 2 of his motion for new trial a meritorious defense the above facts seem to constitute the entire record concerning any excuse why he did not appear either in person or by attorney at 2 p. m. on June 8th, 1960 for the trial of this case. The record is also silent as to any application for continuance or postponement of the case. Therefore that part of appellant's fourth point complaining of the trial being on a date other than fixed or upon inadequate notice is not supported by the record.

■ Moreover, appellant's motion for new trial does not assign error concerning judgment being rendered on a date dif-

ferent than fixed or that there is inadequate notice to defendant. What we have said above concerning assignments in motion for new trial applies equally here. The law presumes, in the absence of a statement of facts or findings of fact and conclusions of law, that the trial court was justified in acting upon said motion by the facts established on such hearing. Murphy, et al. v. Moseley, Tex.Civ.App., 11 S.W.2d 234.

■ This leaves the sole question: did the trial court abuse his discretion in not sustaining appellant's motion for new trial? The point is controlled by the rule announced by Judge Hickman, then on the Commission of Appeals, in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126. Wherein, Judge Hickman announced the rule:

> "Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, reannounce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

Though the Craddock case involved a default judgment, the above rule has also been applied to judgments nil dicit. Strode v. Silverman, Tex.Civ.App., 217 S.W.2d 454, err. ref.

■ It is our opinion that the appellant in this case has failed to demonstrate by this record one of the essential elements of the rule announced in the Craddock case, namely, a reasonable excuse for his failure to appear either in person or by attorney at the time this case was tried. The record reveals that ample time was provided him to secure additional attorneys after the withdrawal of his first attorneys. He was notified prior to the date of the trial. Within due time he conferred with another attorney but due to his own fault or neglect no employment agreement was reached prior to time of trial. He was notified on the day of the trial to appear. Appellant did not appear either to resist the case or to seek continuance or postponement. No reason, other than his own conduct in the nature of inadvertence or misunderstanding, is assigned for his failure to do that which an ordinary prudent person should have done. The trial court heard evidence on motion for new trial and concluded that such should be overruled. We find no reason to hold that the trial court thus abused his discretion. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.