**Jack R. VINSON, Appellant,**

v.

**TRIANGLE RANCH, INC., Appellee.**

No. 4492.

Court of Civil Appeals of Texas,
Eastland.

Oct. 22, 1971.

Rehearing Denied Nov. 12, 1971.

R. W. (Bill) Glenn, Dallas, for appellant.

A. L. Rhodes, Abilene, for appellee.

COLLINGS, Justice.

Triangle Ranch, Inc., brought this suit on December 3, 1970 against Jack R. Vinson for alleged misrepresentation and fraud. A default judgment was rendered against Vinson on January 12, 1971, and he filed a motion for a new trial. The motion for a new trial was overruled on March 12, 1971 and Vinson has appealed.

The record shows that appellant Vinson is a resident of Crescent City, California and that he was served by certified mail from the office of the Secretary of State of the state of Texas, postmarked December 18, 1970; that appellant received such notice, and on December 21, 1970 attempted to employ a California attorney to represent him but was advised by such attorney to retain a Texas lawyer to handle the case. On January 2, 1971 appellant Vinson wrote a letter to the judge of the 42nd Judicial District Court of Taylor County, where the suit was pending with a copy to the attorney of record for the

appellee stating that he intended to file an answer to appellee's petition and requested additional time in which to retain a Texas lawyer to represent him. On January 15, 1971 Vinson retained R. W. (Bill) Glenn of Dallas as his Texas lawyer. His lawyer immediately contacted the District Clerk of Taylor County by telephone and found that a default judgment had been rendered against appellant on January 12, 1971. Such attorney thereupon filed a motion for a new trial and later filed an amended motion. Hearing on the motion for new trial was held on February 26, 1971 and denied.

Appellant presents one point of error in which it is contended that the court erred as a matter of law in overruling his motion for a new trial.

■ It is held that a new trial should be granted where a default judgment has been entered either on failure of a defendant to file an answer or on failure to appear for trial, where the failure to answer before judgment was not intentional, or the result of conscious indifference, but was due to mistake or accident, provided that the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work injury to the plaintiff. Ivy v. Carrell, 407 S.W.2d 212 (Supreme Ct.1966); Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (Tex.Com.App., opinion adopted by Supreme Ct.1939); Brothers Department Store, Inc. v. Berenzweig, 333 S.W.2d 445 (Tex.Civ.App.1960, no writ hist.); Burnett v. Meletio, 351 S.W.2d 912 (Tex.Civ.App.1961, Ref. N.R. E.); Grammar v. Hobby, 276 S.W.2d 311 (Tex.Civ.App.1955), Ref. N.R.E.).

Findings of fact were made by the trial court to the effect that appellant Jack R. Vinson was duly served in terms of law to appear and answer to the original action filed herein, and that appellant did not use due diligence to obtain an attorney to file an answer; that appellant on or about December 21, 1970, the date upon which he received the citation, contacted an attorney in California who advised him that he should employ a Texas attorney to represent him; that appellant addressed a letter to the District Court in Taylor County where the suit was filed making a request for additional time to acquire an attorney. The request for additional time was not granted by the court on the ground that insufficient reason was given for the granting of additional time; that no action was taken by appellant to obtain an attorney between January 2, 1971, when he addressed a letter to the court asking for additional time to hire an attorney and January 15, 1971; that appellant showed no adequate cause which prevented him from contacting a Texas attorney between January 2, 1971, and January 15, 1971, and that no mistake or accident on the part of appellant was the cause of his failure to file an answer within the time required by law.

The above findings of fact are supported by the record. Appellant has not attacked such findings by either exception or assignment of error. The record shows that appellant had on or about December 21, 1970, been served in California, the place of his residence, by certified mail from the office of the Secretary of State of the state of Texas, which was within ample time for him to have appeared and filed an answer before appearance day.

■ Appellant did not obtain an attorney in Texas until January 15, 1971, after default judgment had been rendered against him on January 12, 1971. No showing was made that appellant was prevented from sooner contacting a Texas attorney, and the evidence supports the finding of the court that appellant did not use due diligence to obtain an attorney for the purpose of filing an answer. There is no showing of any mistake or accident on the part of appellant which caused his failure to file an answer within the time required by law, and as heretofore noted the court found that there was no such mistake or accident preventing a timely filing.

In our opinion the court did not abuse his discretion in overruling appellant's motion to set aside the default judgment and to grant a new trial.

For the reasons stated the judgment is affirmed.