**John G. O'HARA, Appellant,**

v.

**Louis J. HEXTER, Appellee.**

**No. 19117.**

Court of Civil Appeals of Texas, Dallas.

April 11, 1977.

Rehearing Denied April 28, 1977.

Clyde M. Marshall, Jr., Callaway & Marshall, Fort Worth, for appellant.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellee.

AKIN, Justice.

Appellee, Louis Hexter, sued appellant, John O'Hara, on an alleged loan evidenced by a letter agreement. O'Hara answered by filing a general denial, and Hexter moved for summary judgment which was denied. Thereafter, the cause was set for trial, but O'Hara failed to appear and judgment was rendered against him following a hearing before the court. O'Hara filed a timely motion for new trial which the trial court overruled. Although the judgment is not technically a default judgment, we hold that the trial court's discretion in ruling on the motion for new trial is subject to the same guidelines as those governing motions for new trial in default cases. Since we also hold that the trial court abused its discretion under this standard, we reverse and remand for trial.

This controversy arose through a joint venture arrangement between Hexter and O'Hara to purchase several buildings. As a part of various oral and written agreements between the parties with respect to this venture, they executed the following letter agreement which is the basis of this suit. That letter reads:

October 8, 1975

Dear John:

In accordance with our agreement, there are attached three checks:

Check # 5559 payable to you and Home State Savings Association in the sum of $18,000.00

Check # 5560 payable to you and Horwitz Funding Corporation in the sum of $18,000.00

Check # 5561 payable to you in the sum of $3,390.00

We have borrowed $40,000.00 and from it have prepaid the interest of .$40,000.00 for sixty days which amount is $610.00. The remainder of that loan, therefore, is $3,390.00 which is the amount of the check payable to you.

It is distinctly understood that you will not endorse the checks nor cash your check until there has been executed the agreements as prepared by Holt Smith. *Should there be any complications or hitches in the execution, call me from Cincinnati and we can determine what we can give predicated upon their objections.*

It is also understood that *the $40,000.00 is a loan to you* and is not to be construed directly or indirectly as affecting my capital gains on my sale of my share of the option agreement.

Very truly yours,

s/ Louis J. Hexter

Louis J. Hexter

This letter is certainly the way I understand the deal.

s/ John O'Hara

[emphasis added]

Because the funds referred to in this letter were expended without obtaining the desired contract for a loan or loan commitment, Hexter sued O'Hara upon the language that "the $40,000.00 is a loan to you."

■ Hexter first contends that the judgment is a judgment nihil dicit which carries with it an admission of the cause of action substantially as stated in the petition. Thus, he argues that a party who permits a judgment nihil dicit to be taken against him impliedly confesses judgment and waives all errors in pleading or proof except those which the record shows were not intended to be waived, citing *O'Quinn v. Tate*, 187 S.W.2d 241, 245 (Tex.Civ.App.—Texarkana 1945, writ ref'd). However, in *Frymire Engineering Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975), the supreme court recognized that a true nihil dicit judgment occurs only where there is no answer filed after an appearance in the cause, as where the defendant has entered a dilatory plea, but has not placed the merits of plaintiff's case in issue, or where the defendant has placed the merits in issue by answering, but then withdraws the answer. *See* 4 McDonald, Texas Civil Practice, § 17.25 (1971). Neither of these situations occurred here since the defendant had an answer on file, but did not appear at the trial. In this situation the question of whether a new trial should have been granted is governed by the standards set forth for default judgments taken where the defendant has failed to appear or answer. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). This standard was set out in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), as follows:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

■ The record establishes as a matter of law that O'Hara's failure to answer was neither intentional or the result of conscious

indifference. He originally employed an attorney, Holt Smith, to represent him in this action. Smith filed a general denial and successfully defeated a motion for summary judgment. Because of a possible conflict of interest, Smith requested permission to withdraw. O'Hara agreed to his withdrawal and stated that he would have Clyde Marshall, who was representing O'Hara in a divorce suit, assume responsibility for the case. The trial court entered its order approving the substitution of Marshall as attorney of record, but due to a misunderstanding between Smith and O'Hara as to who was to inform Marshall that he was attorney of record, Marshall was not so advised. Consequently, when Marshall received a notice of the setting, he thought that he was notified simply as a courtesy because the outcome of this case would affect the property division in the divorce case. Upon learning of the default judgment, O'Hara contacted Marshall, who then assumed responsibility for the case and filed the motion for new trial, which was overruled. This evidence excludes any reasonable inference that O'Hara's failure to appear for the trial was intentional or was the result of conscious indifference.

■ Hexter relies on *Burnett v. Meletio*, 351 S.W.2d 912 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.), where this court held that the trial court did not abuse its discretion in overruling a motion for new trial on the ground that the defendant had failed to show a reasonable excuse for his failure to appear, saying: "No reason, other than his own conduct in the nature of inadvertence or misunderstanding, is assigned for his failure to do that which an ordinary prudent person should have done." *Id.* at 916. But the *Craddock* test is the absence of an intentional failure or conscious indifference rather than negligence. *Craddock*, 133 S.W.2d at 125. Thus, insofar as *Burnett* held that negligence is a bar to a new trial when the defendant answers, but does not appear for trial, it has been overruled by *Ivy v. Carrell, supra,* which expressly rejected the negligence standard in applying the *Craddock* rule to this situation. See *Farley v. Clark Equipment Co.,* 484 S.W.2d

142, 146 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.).

■ With respect to the requirement in *Craddock* that the defendant must set up a meritorious defense in his motion for new trial, O'Hara asserts three alleged meritorious defenses: (1) that part of the letter agreement which stated that the $40,000 was a loan to O'Hara was included solely for tax purposes and did not reflect the intent of the parties, (2) the agreement was subsequently orally modified, and (3) the parties had orally settled the case before the judgment was rendered. We find sufficient evidence in the record to "set up" the oral modification defense under the *Ivy* rule; therefore, we need not pass on the merits of the other defenses. O'Hara testified that he was unable to obtain a contract for the loan as contemplated by the letter agreement, that he called Hexter who authorized delivery of the checks to the lending institutions in an attempt to secure a loan commitment, that this change in the method of financing substantially increased the risk of loss of the money paid to the lending institution, and that Hexter agreed to assume this increased risk.

■ Hexter argues, nevertheless, that the oral modification defense was not raised by the general denial, which was the only defensive pleading on file, because it was an affirmative defense which must be affirmatively pleaded under Tex.R.Civ.P. 94 and that O'Hara's motion for a new trial may only set up meritorious defenses which were raised by his answer. Essentially, Hexter's position requires an implied confession of all defenses not pleaded; that is, the nihil dicit standard would be applied to defenses which were not raised by the pleadings. We cannot agree with this contention. *Ivy v. Carrell* expressly applied the *Craddock* standard to the situation where a party fails to appear for trial, and, since *Craddock* permits a party to set up a defense where no defensive pleading exists, we see no logic in requiring a more stringent requirement where an answer has been filed. We hold, therefore, that a meri-

torious defense may be set up for the first time on motion for new trial where the rule in *Craddock* is met.

██ O'Hara also has the burden of negating delay or injury to Hexter due to a new trial. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex.1976). Injury may be negated by an offer to pay costs incurred by the plaintiff as a result of the judgment, which O'Hara did in his motion for new trial. *Id.* His motion for new trial was filed four days after judgment was entered, and the hearing thereon was held twenty-three days later. At this hearing, there was testimony that O'Hara's original attorney had informed Hexter's counsel of O'Hara's desire for a jury trial and that the earliest possible jury setting was February 22, 1977, approximately eight months after the judgment. Thus, we conclude that defendant sufficiently established that no undue delay would have been caused by the trial court's granting a new trial.

██ Although the trial court does have discretion in granting a new trial where defendant failed to appear for trial, this discretion is not unlimited. Since O'Hara has met the requirements for a new trial set forth in *Craddock* and *Ivy*, it was an abuse of discretion to deny the new trial

Reversed and remanded.