Fred M. HORN and wife, Norma Horn, Appellants,

v.

NATIONWIDE FINANCIAL CORPORATION and Indon Industries, Inc., Appellee.

No. 16058.

Court of Civil Appeals of Texas, San Antonio.

Nov. 8, 1978.

Rehearing Denied Dec. 6, 1978.

Darby Riley, San Antonio, for appellants.

Miles H. Appleberry, San Antonio, for appellee.

### OPINION

MURRAY, Justice.

This is an appeal from a summary judgment in an action for statutory penalties under the Texas Consumer Credit Code, Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 et seq. (Vernon 1971). Appellants, Fred M. Horn and wife, Norma S. Horn, brought suit against appellees, Nationwide Financial Corporation and Indon Industries, Inc. Both sides moved for summary judgment. The trial court granted the summary judgment motions of appellees and overruled the summary judgment motion for appellants. The Horns then perfected their appeal to this court.

On February 19, 1975, appellants entered into a retail installment contract with Indon Industries, Inc., hereinafter referred to as Indon, to purchase a new mobile home. At the time of the sale, Indon was a dealer engaged in the business of selling mobile homes to retail buyers in retail installment transactions. Appellants bought the mobile home for purposes other than for resale. On the same day, Indon assigned this contract to Nationwide Financial Corporation, hereinafter referred to as Nationwide, by completing the assignment clause contained on the back of the contract. It is alleged that Nationwide prepared this contract, furnished it to Indon and required them to use it. Subsequently, appellants brought suit alleging that parts of the retail installment contract violated Chapter 7 of the Texas Consumer Credit Code and seeking recovery of statutory penalties under Tex. Rev.Civ.Stat.Ann. art. 5069–8.01 (Vernon 1971).[1]

Appellants' first point of error presents the question whether paragraph 5 on the reverse side of this retail installment contract violates Art. 5069–7.07(6) of the Consumer Credit Code. This article provides that "No retail installment contract or retail charge agreement shall: . . . (6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale." Tex.Rev. Civ.Stat.Ann. art. 5069–7.07(6) (Vernon 1971). Paragraph 5 of the retail installment contract states:

---

1. All references to statutory articles are to the Texas Consumer Credit Code unless otherwise specified.

The Seller may assign this Contract and in the event of assignment, the Buyer shall perform all promises herein contained to such assignee as the owner hereof and the *Buyer agrees that after such assignment, the Buyer will settle all claims against the Seller directly with it and agrees not to set up any claim which the Buyer may have against the Seller as a defense, set-off, cross-complaint or otherwise to any action for the purchase price or possession of the vehicle brought by the owner hereof.* Buyer further agrees to pay reasonable attorney's fees and court costs in the event this Contract is referred to an attorney not a salaried employee of the holder for collection. (emphasis added)

Appellees contend that the language complained of by appellants has no effect on their rights under the Consumer Credit Code because Art. 5069–7.10 provides that a buyer by agreement cannot waive his rights under Chapter 7 of the Code. Therefore, the language is a nullity and not a violation of the Code. This contention is without merit.

Article 5069–7.07(6) is not a model of clear diction; it appears that the word "of" in the middle of the sentence is surplusage. However, Art. 11 of Texas Revised Civil Statutes, made expressly applicable to the Consumer Credit Code by Art. 5069–50.01, provides that "grammatical errors shall not vitiate a law." Tex.Rev.Civ.Stat.Ann. art. 11 (Vernon 1969). Consequently, the word "of" should be ignored in order to make the article nonambiguous. Under this construction, Art. 5069–7.07(6) specifically prohibits the inclusion of paragraph 5 in motor vehicle installment sale contracts. No cases have been found interpreting Art. 5069–7.-07(6), but support for this interpretation can be found in the plain meaning of the statute and in a number of legal commentaries. Boyle, *Preservation of Claims and Defenses Under the Texas Business and Commerce Code and Under the Texas Consumer Credit Code,* 8 St. Mary's L.J. 678, 688–690 (1977); Snell, *Assignee Liability Under the Texas Consumer Credit Code,* 8 St. Mary's L.J. 696, 699, 702 (1977).

Article 5069–8.01 imposes liability on "[a]ny person who violates this Subtitle . . . by failing to perform any duty specifically imposed on him by any provision of this Subtitle." The inclusion of paragraph 5 in this retail installment contract is a violation of the duty imposed by Art. 5069–7.07(6) on a seller or holder not to include such a provision in the contract. It must now be determined who is liable for a failure of the form contract to meet the requirements of the Code. We hold that both Indon and its assignee, Nationwide, are liable since both seller and holder have a duty to ensure that the retail installment contract conforms to the statutory requirements of the Consumer Credit Code. Tex. Rev.Civ.Stat.Ann. arts. 5069–7.07(6), 5069–8.01 (Vernon 1971); *Southwestern Investment Co. v. Mannix,* 557 S.W.2d 755 (Tex. 1977); *O. R. Mitchell Motors, Inc. v. Bell,* 528 S.W.2d 856 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.).

Under Art. 5069–8.01 appellants are entitled to recover "twice the amount of interest or time price differential" provided for under the contract plus reasonable attorney's fees. Since the time price differential provided for in the contract is $11,690.17, appellants are entitled to judgment in the sum of $23,380.34. Appellants are also entitled to $3,500 in attorney's fees since the attorneys stipulated this amount as reasonable in the trial court's judgment on the motions for summary judgment.

The trial court's judgment granting appellees' motions for summary judgment and denying appellants' motion for summary judgment is reversed, and judgment is hereby rendered that appellants recover from appellees the amount of $23,380.34, plus $3,500 in attorney's fees. Indon's third party petition seeking indemnity and contribution from Nationwide is severed from this cause and remanded to the trial court for determination.