**Carlos NAVA, Appellant,**

v.

**NATIONWIDE FINANCIAL CORPORATION, Appellee.**

**No. 16294.**

Court of Civil Appeals of Texas, San Antonio.

May 28, 1980.

Rehearing Denied June 25, 1980.

Barry Snell, San Antonio, Bayne, Snell & Krause, Hector Gonzalez, Sinton, for appellant.

Miles H. Appleberry, Jr., Deyeso & Appleberry, San Antonio, for appellee.

## OPINION

KLINGEMAN, Justice.

This is an appeal by Carlos Nava from a default judgment entered against him in favor of appellee, Nationwide Financial Corporation. Nationwide brought suit against Nava in the district court of Karnes County, Texas, seeking judgment for the amount allegedly due on a retail installment contract for a mobile home, seeking a writ of sequestration and foreclosure of a security interest in the mobile home. Nava failed to answer and a default judgment was entered against him. Within four days thereafter Nava filed a motion for new trial which was overruled by the court. On this appeal Nava complains that the trial court erred in granting the default judgment against him and in overruling his motion for new trial. Nationwide will frequently hereinafter be referred to as plaintiff and Nava as defendant.

Although defendant asserts seven points of error, we deem it necessary to discuss only his last point of error urging that the trial court erred in denying his motion for new trial because the evidence conclusively established the existence of each and every element necessary to obtain a new trial.

The undisputed evidence shows that on December 12, 1978, defendant was served with citation and that on the same day he took such citation and the pleading to his attorney in Sinton for the purpose of having such attorney represent him. On December 21, 1978, the Sinton attorney referred defendant's case, along with several others, to an attorney in San Antonio who specializes in consumer cases, and sent Nava's file and the other files in the cases to Mr. Barry Snell, the San Antonio attorney. Mr. Snell had the mistaken belief that the Sinton attorney, Mr. Gonzalez, had filed an answer and did not check such file until January 21, 1979, when he discovered that no answer had been filed. At the time Mr. Snell discovered that no answer had been filed he telephoned the clerk's office and found that a default judgment had been entered on January 19, 1979. On January 23, 1979, Mr. Snell prepared a motion for new trial and mailed it to the clerk of the court with a letter requesting an early setting, and offering to pay Nationwide for all expenses incurred in obtaining the default. Defendant's attorney also tendered to the registry of the court a cashier's check in the

amount of $1,000.00 to cover Nationwide's expenses in obtaining the default judgment and for any diminution in the value of the mobile home pending trial on the merits.

The trial court made numerous findings of fact.[1]

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but due to mistake or accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939); *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966); *Spears v. Brown,* 567 S.W.2d 544, 545 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e); 4 R. McDonald, Texas Civil Practice §§ 18.10.1—18.10.4 (1971).

It is to be noted that the trial court found that (a) defendant Carlos Nava was not negligent in handling the matter; (b) that the failure of defendant's attorney, Barry Snell, to answer or attend was not intentional or the result of conscious indifference, but was due to mistake or accident. The trial court apparently based its holding on the fact that Mr. Gonzalez, the referring attorney, did not testify as to his reasons for not filing an answer or failing to notify Mr. Snell that he had not done so, and, consequently, defendant did not sustain his burden of proof and was not entitled to a new trial. We disagree. It is clear from the record that the trial court's holding is based on its conclusion that the defendant failed to establish the first element of the *Craddock* test. The court states in its conclusions of law that because of this holding it was unnecessary to pass on the other elements.[2]

Barry Snell testified that on December 21, 1978, Mr. Hector Gonzalez, an attorney from Sinton, Texas, contacted him about six or seven mobile home cases including Mr. Nava's case; that he had worked with Mr. Gonzalez on occasion; and that he agreed to

1. Such findings of fact include the following:

   9. On November 6, 1978, Plaintiff, NATIONWIDE FINANCIAL CORPORATION, filed suit against Defendant, CARLOS NAVA.

   10. Defendant was served on December 12, 1978.

   11. On the date Defendant was served, he took the citation and petition to the offices of his attorney, Mr. Hector Gonzalez, in Sinton, Texas.

   12. On December 21, 1978, Hector Gonzalez, mailed the file, along with several other files, to Mr. Barry Snell in San Antonio, Texas, and requested that Mr. Snell handle the cases.

   13. Mr. Gonzalez did not file an Answer in the cause, and did not inform Mr. Snell that he had not done so.

   14. Mr. Snell reviewed the file on January 23, 1979, at which time he realized an Answer had not been filed.

   15. On January 23, 1979, Mr. Snell filed a Motion for New Trial on behalf of Defendant, CARLOS NAVA.

   16. A Default Judgment was entered in favor of Plaintiff on January 19, 1979.

   17. In connection with his Motion for New Trial, Defendant's attorney tendered a cashier's check for $1,000.00 to the Court, and requested that the Court reimburse Plaintiff for its expense incurred in obtaining the Default Judgment and for any diminution in the value of the mobile home pending this suit.

   18. Defendant's attorney offered in writing to tender an additional amount, in the event that the $1,000.00 tendered was insufficient.

   19. Mr. Hector Gonzalez did not appear at trial or submit testimony as to why he did not file an Answer or inform Mr. Snell that he had not done so.

   23. Defendant offered to waive his right to trial by jury, if to do so would expedite the date of the trial on the merits in this cause.

   24. Defendant has announced that he is ready for trial immediately.

2. The three elements of the *Craddock* test are generally stated as follows:

   1. Defendant's failure to answer before judgment was not intentional or the result of conscious indifference, but was due to mistake or accident.

   2. The motion for new trial set up a meritorious defense.

   3. Such motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff.

handle the cases. He stated that Mr. Gonzalez sent him a packet of what he believed were six files among which was the Nava case, and that he had the impression that Mr. Gonzalez either answered in the cases where the client was a defendant, or he had initiated the suits as plaintiff. He said that during the month of December he was very busy with other matters and it was January before he had an opportunity to review these files; that on January 21, 1979, he first discovered that no answer had been filed in the Nava case; and that at that time he telephoned the clerk of the court and learned that a default judgment had been taken. He testified that he immediately prepared a motion for new trial and mailed it to the court with a letter requesting an early setting; that at such time he personally tendered to the attorney for Nationwide payment of all the expenses incurred in obtaining the default judgment, including the travel expenses and attorney's fees. In open court he stated that he was personally responsible and that he would pay from his own funds for any expenses to date which plaintiff had incurred in seeking and obtaining a default judgment.

The recent case of *Hughes v. Jones*, 543 S.W.2d 885 (Tex.Civ.App.—El Paso 1976, no writ), is similar in fact to the case before us. After defendant's attorney received suit papers from the defendant, he mailed them to an attorney in the county where suit was filed. Both attorneys assumed that the other had filed an answer. There the court found that the failure to answer was due to inadvertence and oversight and not the result of conscious indifference. In its opinion, the court stated:

> We hold that the failure to file the answer under the testimony here was due to inadvertence or oversight, and that it was not the result of conscious indifference on the part of the Hereford attorney. All recent opinions indicate that the trial court's discretion, concerning the granting of the new trial, should be exercised liberally where there is *any* showing that the defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear. [Citations omitted] We hold . . . that the trail Court abused its discretion in failing to grant the Defendant's motion for a new trial.

543 S.W.2d at 887.

*See also Continental Airlines, Inc. v. Carter*, 499 S.W.2d 673 (Tex.Civ.App.—El Paso 1973, no writ); *Kirk v. Farmers Aerial Springs Service, Inc.*, 496 S.W.2d 739 (Tex. Civ.App.—Amarillo 1973, no writ); *Republic Bankers Life Insurance v. Dickson*, 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ).

Although the court based its holding on the first element of the *Craddock* test, we have also carefully reviewed the record with regard to the other elements of the *Craddock* test, (a) meritorious defense and (b) granting of new trial would not delay or otherwise injure plaintiff, and we will discuss them.

The applicable law is set forth by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (1966), as follows:

> The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. . . .

We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion 'sets up a meritorious defense.' This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. [Citations omitted.] This

**482**

much is necessary to prevent the reopening of cases to try out fictitious or unmeritorious defenses. But once these requirements are met, it is improper to try the defensive issues made by the motion or the pleadings. In *Cragin v. Henderson County Oil Dev. Co.*, 280 S.W. 544, 555 (Tex.Com.App.1926, holding approved), the court, after stating the requirements of a motion for new trial in default judgment cases, said:

'But when he [the applicant] has thus set forth such meritorious defense, supported by such affidavits or other evidence as prima facie to entitle him to a new trial, such new trial should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion.'

407 S.W.2d at 214.

The record shows that defendant's motion for new trial was filed on January 23, 1979, four days after the default judgment was entered. The motion contains pleadings relative to all three elements of the *Craddock* test. It alleges that defendant has a meritorious defense in that the contract involved violates the Texas Credit Code in one or more respects: (a) The contract contains a clause providing that the buyer will not set up any claims which the buyer has against the seller as a defense, setoff, or otherwise, in any action for the purchase price or possession of the vehicle, which provision is void and violates the Tex.Rev. Civ.Stat.Ann. art. 5609–7.07(6). (b) Plaintiff charged defendant a time price differential in excess of the maximum permitted by law by mailing a letter to defendant charging and demanding from him $7,930.06, which amount included substantial unearned finance charges, and that this unilateral demand for excess finance charges violated Tex.Rev.Civ.Stat.Ann. § 5069–8.01. (c) The allegations contained in paragraph IX of Plaintiff's Original Petition are incorrect and if given an opportunity for trial, defendant will present evidence controverting and disapproving such allegations.

The applicable evidence introduced at trial on the motion for new trial may be summarized as follows. Carlos Nava, the defendant, testified that in November 1974 he purchased a mobile home from Riley Mobile Home Sales in San Antonio. While testifying he was given a copy of "Retail Installment Contract—Mobile Home—Security Agreement" dated November 13, 1974, which he identified as a correct, true and authentic copy of the contract he signed to buy the mobile home. The copy was introduced into evidence without objection. Nava testified that he had regularly made payments on the contract until about June 1978 when he had job troubles; that he was presently unemployed and had been for some time. He was also shown a copy of the letter from Nationwide Financial Corporation to him which he identified as one of the letters he received from Nationwide. It was introduced into evidence without objection. The letter has a notation thereon, "Re: Foreclosure." In effect, it states that because of default of the terms of the motor vehicle contract by the failure to make payments of $280.20, past due and unpaid since June 12, 1978, Nationwide, pursuant to the terms and conditions of such contract, exercised its option to declare the unpaid balance of $7,930.66 immediately due and payable, and made final demand to immediately pay this amount by August 10. This letter is undated.

On redirect examination, Nava testified that he never threatened to burn the mobile home or damage it in any way; that he had no intention of damaging the mobile home; that he never threatened to hide it or move it to a place where Nationwide could not find it; and that he took care of the mobile home.

Defendant urges that he has set up a meritorious defense in that plaintiff violated Texas Consumer Credit Code in two respects and both violations were established by the pleadings and the evidence.

An examination of the contract reveals that it contained the identical provision as to waiver of claims and defense as the one contained in *Horn v. Nationwide Financial*

*Corp.*, 574 S.W.2d 218 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.), in which this court held that the inclusion of this provision in a retail installment contract was a violation of the Consumer Credit Code.

We hold that defendant has met the standard and criteria set forth in *Ivy v. Carrell, supra,* and *Craddock v. Sunshine Bus Lines, supra,* necessary for a meritorious defense in a motion for new trial after default.

With regard to the third element of the *Craddock* test,[3] the record shows that immediately upon learning that a default judgment had been granted defendant's attorney prepared and mailed to the court a motion for new trial which was filed within four days after the default judgment was granted. At such time, defendant requested an early setting and offered to proceed to trial immediately. Further, defendant offered to waive his right to trial by jury if this would expedite the matter, tendered a cashier's check in the sum of $1,000 to the clerk of the court and requested that the court disburse to plaintiff any amount deemed fair and equitable by the court to cover the plaintiff's expenses and any diminution in the value of the mobile home pending trial on the merits. Defendant's attorney further stated in writing that if the $1,000 was deemed insufficient that defendant's counsel would tender any additional amount deemed appropriate by the court. We cannot see how defendant could have done anything more to prevent delay or to expedite the trial. There is testimony that defendant had never harmed or threatened to harm or damage the mobile home and had no intention of doing so, and that he was taking care of it.

Under the record, we hold that the trial court abused its discretion in failing to grant defendant's motion for new trial.

Under such circumstances we deem it unnecessary to pass on or discuss defendant's other points of error.

3. Such motion was filed at a time when the granting thereof would occasion no delay or

The judgment of the trial court is reversed and the case remanded to the trial court for a new trial.