**EUROPA CRUISES CORP., Appellant,**

v.

**AFEC INTERNATIONAL, Appellee.**

**No. B14–90–0692–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 2, 1991.

Rehearing Overruled June 13, 1991.

William A. Short, Jr., Houston, for appellant.

Kent J. Pagel, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a default judgment. We reverse and remand.

Appellant, Europa Cruises Corporation, ("Europa") assigns two points of error on appeal. In its first point of error, appellant asserts that the trial court erred in overruling appellant's motion to vacate judgment and for a new trial. In its second point of error, appellant contends that the trial court erred in granting triple damages of the amount of actual damages in excess of $1,000 as there was no finding that the conduct of the defendant was intentional.

Appellee, AFEC International, Inc., ("AFEC") filed its original petition against Europa Cruises Corporation, on March 26, 1990. Appellee's original petition alleged that it had purchased a Christmas cruise ship package aboard the M/V Europa Jet from Europa Cruises Corporation. This cruise was for the benefit of AFEC's employees as a Christmas party. When AFEC's employees boarded the cruise ship at Galveston, they found that the ship and its facilities were not as represented by Europa. AFEC's employees then disembarked from the ship, making on-shore arrangements for their party. Europa refused to return AFEC's monies which were paid in advance for the cruise. AFEC then sued for the return of these monies, and also for consequential damages, attorneys fees, and damages pursuant to the DTPA § 17.50(b). TEX.BUS. AND COM.CODE ANN. (Vernon Supp.1991). Europa did not answer, and AFEC took a default judgment on May 22, 1990. The trial court denied Europa's Motion to Vacate Default Judgment and for New Trial on June 20, 1990. Europa brings this appeal.

In its first point of error, Europa asserts that the trial court erred in overruling its motion to vacate judgment and for new trial. The granting of a new trial following a default judgment is within the sound discretion of the trial court. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App.1939). The standard of review as set out in *Crad-*

*dock* requires appellant to demonstrate that his failure "to answer was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident. . . ." *Craddock* 133 S.W.2d at 126. In addition, the appellant must demonstrate that he has a meritorious defense and that the granting of a new trial will not prejudice the appellee.

The undisputed facts reveal that AFEC's suit was filed on March 26, 1990. Service of citation was had on CT Corporation Systems, who was the registered agent for Europa for service, in Dallas, Texas on April 11, 1990. The answer date was May 7, 1990. CT Corporation Systems forwarded the citation to the Europa headquarters in Pensacola, Florida and the citation was received by Europa in Pensacola on April 12, 1990. Mr. Charles Liberis, President of Europa, sent the citation and attached petition to the Galveston, Texas general manager with instructions to obtain local counsel to file an answer. It was Europa's policy that the general manager in each separate port handle his office's litigation and retain counsel unless the matter is something that affects the company overall, such as an SEC matter. Whenever Europa has litigation such as in our case the matter is forwarded to the proper general manager to obtain counsel.

The general manager of the Europa operation in Galveston, Texas at the time of the alleged wrong in December, 1989 was John Noah. However, as of April 12, 1990, Mr. Noah had resigned as general manager and was acting in a consulting role. One of the several interim managers of the Galveston office was Harry Fulghum, a marine captain. It was not until May of 1990 that Mr. Steve Winters was retained as full time general manager. At the hearing on the Motion for New Trial, Mr. Liberis testified that *"the reality of it is that no one was properly running the shop between the time Noah left and the time Winters came on. Harry Fulghum, who's primarily there in a caretaker position is a marine captain . . . he is not a person of any business experience."* Just before May 23, 1990, Steve Winters discovered the petition previously sent to the Galveston office and informed Mr. Liberis who immediately contacted legal counsel who, in turn, filed an answer the very same day, May 23, 1990.

We will now determine whether there is an excuse for the failure by Europa to answer timely. Europa timely responded to pre-suit correspondence upon receipt of AFEC's January 5, 1990 DTPA notice letter. It is noted that Liberis responded with a three page answer, addressing all of AFEC's allegations. Europa was under no legal requirement to respond to AFEC's DTPA notice letter. The fact that Europa did respond, belies AFEC's argument that Europa's failure to answer timely was intentional.

■ Europa alleges that in the period between the resignation of John Noah and the hiring of the new general manager, Steve Winters, ". . . the management situation in Galveston was sheer chaos." This "chaos" resulting from a change in management in Galveston was the reason why Europa failed to timely file an answer. Only a slight excuse is required. *Craddock v. Sunshine Bus Lines, supra; Spears v. Brown,* 567 S.W.2d 544 (Tex.Civ. App.—Texarkana 1978, writ ref'd n.r.e.). Courts in Texas have held that any showing by the defendant that he has not intentionally or with conscious indifference ignored his obligation to answer or appear is sufficient. The case of *Nava v. Nationwide Financial Corp.,* 601 S.W.2d 478 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.) states on page 481:

> All recent opinions indicate that the trial court's discretion, concerning the granting of the new trial, should be exercised liberally where there is any showing that the defendant has not intentionally or with conscious indifference ignored his obligation to answer or to appear.

Texas courts have likewise held that the trial court abuses its discretion in failing to grant defendant's motion for new trial if there is any such showing that the failure to file is not intentional or the result of conscious indifference. *Nava v. Nationwide Financial Corp., supra.* We are sat-

isfied that Europa has met the first prong of the *Craddock* test, showing that its failure to answer was not intentional, or the result of conscious indifference on it's part, but was due to a mistake or an accident.

The second prong of *Craddock* requires the appellant to set up a meritorious defense. As the Texas Supreme Court stated in *Ivey v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966) "The rule of Craddock does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it *'sets up* a meritorious defense.' " (Emphasis in Opinion).

Likewise, *O'Hara v. Hexter*, 550 S.W.2d 379 (Tex.Civ.App.—Dallas 1977 writ ref'd n.r.e.), in a case involving a motion for new trial after default judgment states on pages 382 and 383:

We hold, therefore, that a meritorious defense may be set up for the first time on motion for new trial where the rule in *Craddock* is met.

■ Such a defense may be set up by including in the motion for new trial facts which would constitute a defense and which are supported by affidavits or other evidence constituting prima facie proof of such defense. *Spears v. Brown, supra; Ivey v. Carrell, supra; Craddock v. Sunshine Bus Lines, supra.*

Europa has "set up" a meritorious defense in its Motion to Vacate Default Judgment and for New Trial. Liberis specifically refutes the allegation that there was a misrepresentation concerning the furnishing of a VIP room. A twenty-six seat conference room on the lower deck of the Europa jet was designated for the private use of the AFEC group. Liberis further specifically refutes the contention that there was a misrepresentation concerning a special dining-room area. The AFEC party was to be seated together for dinner, and a section of the dining-room had been reserved. Liberis further refutes the allegation that there was a misrepresentation concerning entertainment. A cabaret, movies, and comedy entertainment were available. There was a band in the cabaret. There were two "singles," one in the Sky-

bar lounge and one in the dining-room. The cruise director was on board the ship, along with a band, and performed a show which included comedy. Movies were available in the movie room. Liberis further specifically refutes the allegation that there had been an overbooking of the cruise, stating specific reasons for his position. Liberis further gave a specific rendition of the fact that the AFEC group boarded the cruise prior to departure and prior to the opening of the dining-room. He gave a rendition of the company's policy concerning boarding and the fact that the AFEC party did not contact anyone to find out about their accommodations. Liberis refutes every material factual element of Plaintiff's cause of action. These refutations are a prima facie defense to the suit itself. Therefore, the second prong of the *Craddock* test has been met in that Europa has "set up" a meritorious defense.

The third prong of *Craddock* requires that the setting aside of the default judgment not work a prejudice on the prevailing party. "Any possible injury to a plaintiff can be negated by an offer in the motion for new trial to pay costs incurred by plaintiff as a result of obtaining the default judgment." *O'Hara v. Hexter*, 550 S.W.2d 379 (Tex.App.—Dallas 1977, writ ref'd n.r.e.). Mr. Liberis states in his Affidavit in Support of Motion to Vacate Default Judgment and for New Trial that Europa stands "ready, willing and able to reimburse AFEC International, Inc. for any out-of-pocket expenses and attorney fees incurred by them in obtaining this Default Judgement," and that Europa is "ready to proceed to trial on this matter immediately, and the vacating of the Default Judgment will not, in any manner, prejudice AFEC International Inc. It is noted that there is no evidence indicating that the granting of a new trial would have resulted in a delay or would otherwise result in an injury to AFEC. *Nava v. Nationwide Fin. Corp., supra.* Having found that Europa has satisfied each component of *Craddock*, we hold that the trial court abused its discretion in not granting Europa's Motion to

Vacate Default Judgment and for New Trial. Appellant's first point of error is sustained.

As we have sustained appellant's first point of error, thereby remanding the cause for a new trial, we do not reach appellant's second point of error, dealing with damages under the DTPA.

Accordingly, the judgement of the trial court is reversed and this cause remanded for a new trial.